IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
DOCKET NO.: 5:19-00022-MOC-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>GREG E. LINDBERG,<br><br>Defendant. | MOTION TO MODIFY<br>CONDITIONS OF RELEASE |

Defendant Greg E. Lindberg respectfully moves the Court to modify the conditions of his pretrial release. Specifically, Mr. Lindberg requests that he no longer be required to wear an Active GPS monitoring device ("ankle bracelet") and that the condition that he submit to random drug testing be removed as unnecessary. The pre-trial services officer assigned to Mr. Lindberg consents to the above request.[1] The United States Attorney's Office opposes this motion.

Indictment No. 5:19-00022 (MOC) (DSC) was filed on March 18, 2019. The Indictment and arrest warrant were unsealed on April 2, 2019. Mr. Lindberg surrendered to law enforcement the same day and made his initial appearance before Magistrate Judge David C. Keesler and was released on an agreed-upon package that included the following conditions:

1. Mr. Lindberg promised to appear in court as required;

2. Mr. Lindberg executed a $100,000 unsecured bond;

---

[1] Mr. Lindberg is supervised by the United States Pretrial Services Office for the Southern District of New York because he resides in New York, New York.

3. Mr. Lindberg reported to the Office of Probation and Pretrial Services in both the WDNC (on April 2, 2019) and SDNY (April 3, 2019 and thereafter);

4. Mr. Lindberg surrendered his passport and promised not to obtain a new one or travel out of the United States and maintain employment;

5. Mr. Lindberg promised not to have contact with any person that is or may become a victim or potential witness, including co-defendants;

6. Mr. Lindberg promised to refrain from possessing firearms, the excessive use of alcohol and all unlawful possession of narcotics and controlled substances and to submit to drug testing;

7. Mr. Lindberg agreed to an GPS ankle bracelet location monitoring program, and;

8. Mr. Lindberg agreed to report, as soon as possible, any interaction with law enforcement and to submit to searches of his residence, office and computer system and maintain employment. (See Docket Sheet Entry #s 15, 16).

Prior to Mr. Lindberg's arrest in this case, counsel for Mr. Lindberg and the United States Attorney's Office agreed upon the conditions described above as being acceptable to present to the Court when Mr. Lindberg was presented following his arrest.

Later, when Magistrate Judge David C. Keesler set the conditions of release as described above, the parties discussed specifically the requirement that Mr. Lindberg wear an ankle bracelet and be subject to electronic GPS monitoring. The parties (and the Court) agreed that Mr. Lindberg was permitted to travel throughout the continental United States, so long as he provided advance notice as directed by his pre-trial services officer. In that regard, the GPS monitoring requirement was not intended to keep Mr. Lindberg from leaving his residence or

from leaving the district where he lives; rather, it was to make sure that pre-trial services was able to locate Mr. Lindberg, if necessary.

Since his arraignment on April 2, 2019, Mr. Lindberg has been fully compliant with all conditions of his release, according to his supervising pre-trial services officer. The assigned officer has had no issues or concerns with Mr. Lindberg's reporting requirements or his travel schedule. In short, Mr. Lindberg has been fully compliant, and the requirement that he continue to wear an ankle bracelet is unnecessary to guarantee his appearance at trial and the safety of the community. Mr. Lindberg will continue to report to his assigned pre-trial services officer as directed regarding his whereabouts, and nothing will change with respect to Mr. Lindberg's reporting obligations. The assigned pre-trial services officer does not object to the request herein and he will continue to be made aware of Mr. Lindberg's location at all times.

Federal law requires that courts use "least restrictive condition or combination of conditions . . . that will reasonably assure the appearance" of Mr. Lindberg and, like here, where there are no travel restrictions within the continental United States, the ankle bracelet imposes an unnecessary burden. 18 U.S.C § 3142(c)(1)(B). Because there is no home detention or limitation on where or when Mr. Lindberg can travel within the continental United States (so long as he provides notice), requiring him to wear an ankle bracelet is an unnecessary condition to ensure that he appears in court when directed.

Moreover, a standard drug testing condition was imposed at the time Mr. Lindberg was granted bail. Mr. Lindberg has never used drugs and does not use alcohol, and he of course has never tested positive for any illegal substance. This condition is similarly unnecessary because Mr. Lindberg is not in any way a risk for abusing drugs or alcohol. His assigned pre-trial services officer agrees and consents to this condition being removed as well.

Finally, it is of no consequence and certainly not dispositive that Mr. Lindberg agreed to the current conditions of release prior to his arrest in this case. First, at the time Mr. Lindberg agreed to the current bail package, he was not aware of what charges he would face or the extent of the proof – or lack thereof – that the government intends to offer at trial. Second, neither party nor the Court was aware at that time how Mr. Lindberg would adjust to pre-trial supervision and whether more or less-restrictive conditions should be imposed at a later date. Finally, although the government arrested Mr. Lindberg and the other co-defendants on April 2, 2019, they did not complete their discovery obligations until July 2019, and apparently there is more discovery coming at a still-later date. This, combined with the Court's schedule and the need for the defendants to prepare for trial, will result in a trial date that is multiple-months beyond the 180 days anticipated by the law, absent exclusions. This prolonged process means that Mr. Lindberg will not get his day in Court until very late this year or even next year. Requiring him to continue to wear an unnecessary ankle bracelet is inappropriate and not consistent with the law. Therefore, to the extent the "least restrictive" conditions as of April 2019 required that Mr. Lindberg wear an ankle bracelet, such a condition is no longer necessary for the reasons stated herein. The law is clear that any party, in addition to the Court, can and should continuously evaluate the conditions of a charged defendant's pre-trial release to make sure they are the least restrictive conditions to ensure the defendant's presence in court and the safety of the community. 18 U.S.C § 3142(c)(3).

We have spoken with the Assistant United States Attorney assigned to the prosecution, who objects at least in part because the parties reached an agreement on bail prior to Mr. Lindberg's arrest in this case. As stated above, however, such a position is not consistent with the law. Mr. Lindberg is vigorously fighting for his innocence in this case, and intends to have his day in court to prove his innocence and the unjust nature of the charges against him as soon

-4-
Case 5:19-cr-00022-MOC-DSC   Document 55   Filed 08/09/19   Page 4 of 5

as possible. He understands the importance of complying with the conditions of his release, as evidenced by his exemplary performance to date. With no evidence to the contrary, the Court should amend the conditions of his release as requested herein.

WHEREFORE, for the foregoing reasons Defendant requests this Court enter an order modifying his conditions of release to cease use of a GPS location monitoring device.

Respectfully submitted this 9th day of August, 2019.

s/ Anne M. Tompkins
Anne M. Tompkins
North Carolina Bar No. 19511
**Cadwalader, Wickersham & Taft LLP**
227 West Trade Street
Charlotte, NC 28202
(704) 348-5222
Anne.Tompkins@cwt.com

*Attorney for Greg E. Lindberg*
