**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:19-CR-22-MOC-DSC-1**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) |
| | ) |
| 1) GREG E. LINDBERG, | ) |
| 2) JOHN D. GRAY, | ) |
| 3) JOHN V. PALERMO, JR., and | ) |
| 4) ROBERT CANNON HAYES. | ) |
| | ) |
| Defendants. | ) |
| | ) |

**THIS MATTER** is before the Court on Defendant Greg E. Lindberg's Motion for Issuance of Rule 17(c) Subpoenas, (Doc. No. 82).

**I. BACKGROUND**

On March 18, 2019, a federal grand jury returned an Indictment, charging Defendant and his co-defendants with conspiracy to commit honest services wire fraud, in violation of 18 U.S.C. § 1349, and bribery concerning programs receiving federal funds, in violation of 18 U.S.C. § 666(a)(2). The indictment essentially alleges that Defendant, the owner of several insurance companies, conspired with others to bribe the North Carolina Insurance Commissioner in exchange for the Commissioner's agreement to remove and replace a Senior Deputy Commissioner in charge of regulating Defendant's insurance companies. The Indictment alleges the scheme was carried out during a series of meetings between the Commissioner and the defendants. The Commissioner, in cooperation with federal investigators, recorded the meetings and communications. Defendant now asks the Court to issue a subpoena directing the North

1

Carolina Department of Insurance ("DOI") to produce numerous internal records and communications relating to the DOI's oversight of Defendant's insurance companies. For the following reasons, Defendant's motion is denied.

## II. DISCUSSION

Rule 17(c) of the Federal Rules of Criminal Procedure provides a process by which a court can issue subpoenas duces tecum for the production of evidence before trial. Rule 17(c), however, "is not intended to provide a means of pretrial discovery; rather, its primary purpose is simply 'to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials.'" United States v. Richardson, 607 F.3d 357, 368 (4th Cir. 2010) (quoting United States v. Nixon, 418 U.S. 683, 689-99 (1974)). The proponent of a Rule 17 subpoena may not use a subpoena to "fish[] for evidence that might support his theory, as if he were in the discovery phase of a civil action." Richardson, 607 F.3d at 368.

The Supreme Court held in United States v. Nixon that a party seeking a Rule 17(c) subpoena must establish:

> that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

Nixon, 418 U.S. at 699-700 (internal footnote omitted).[1] In applying the Nixon test, "[t]he Fourth Circuit has repeatedly stressed that Rule 17(c) is not a general discovery device, and to that end, the party requesting the information must identify with specificity what is sought." United States v. Ging-Hwang Tsoa, No. 1:13cr137, 2013 WL 5837631, at *2 (E.D. Va. Oct. 29,

---

[1] The Nixon test applies to the issuance of subpoenas to third parties under Rule 17(c). United States v. Rand, 835 F.3d 451, 463 (4th Cir. 2016).

2

2013) (internal citations omitted). That is, "a Rule 17 subpoena duces tecum cannot substitute for the limited discovery otherwise permitted in criminal cases and the hope of obtaining favorable evidence does not justify the issuance of such a subpoena." United States v. Caro, 597 F.3d 608, 620 (4th Cir. 2010). The specificity prong of the Nixon test thus requires "more than the title of a document and conjecture as to its contents," United States v. Underwood, No. 0:19-CR-00420-JMC-1, 2019 WL 5078351, at *3 (D.S.C. Oct. 10, 2019), and "[Rule] 17(c) subpoena requests for 'any and all' documents are too broad to meet the test outlined in Nixon." United States v. Wai Lun Ng, 5:07CR24-V, 2007 WL 3046215, at *3 (W.D.N.C. Oct. 16, 2007).

Here, Defendant seeks the following categories of documents:

1. All communications, including but not limited to e-mail, instant message and text message, involving Mike Causey, Jackie Obusek and/or Michelle Osborne regarding Global Bankers Insurance Group, LLC ("GBIG");

2. All communications, including but not limited to e-mail, instant message and text message, involving Mike Causey, Jackie Obusek and/or Michelle Osborne regarding Greg Lindberg, the Eli Global group of companies, or Raymond Martinez;

3. All records, including but not limited to e-mail communications, reports and memoranda, regarding analysis performed by Rector and Associates ("Rector") of GBIG's investment portfolio and affiliated loans, also known as the "Rector Report(s)";

4. All records and communications, including but not limited to e-mail communications, reports and memoranda, regarding analysis performed by Noble Consulting Services, Inc. ("Noble") of Greg Lindberg, also known as the "Noble Report";

> 5. All records, including but not limited to e-mail communications, reports and memoranda, regarding a proposed memorandum of understanding ("MOU") or remediation plan between GBIG and NC DOI, signed on or around May 2, 2018;
>
> 6. All records, including but not limited to e-mail communications, reports and memoranda, between NC DOI and members or representatives of the NAIC's Financial Assistance Working Group ("FAWG") regarding GBIG, Greg Lindberg, or the Eli Global group of companies.

(Doc. No. at 82-2 at 6-7). The Government argues that these broad categories—each of which seeks "all records" or "all communications" over a nearly three-year period from January 1, 2017, through the present—amount to thousands of pages of documents Defendant hopes will reveal evidence to support the formation of his defense. The Court agrees with the Government that these requests represent exactly the kind of expansive, imprecise discovery that falls outside the scope of Rule 17(c). Indeed, the sheer breadth of the subpoena requests indicates that Defendant is engaging in a "fishing expedition," which is simply not allowed under Rule 17. Thus, Defendant's motion will be denied on this basis alone. Accord Ging-Hwang Tsoa, 2013 WL 5837631, at *2 (rejecting requests for a subpoena seeking complete realtor files for nine transactions and another subpoena calling for complete mortgage broker files for four transactions, holding that "[t]he subpoenas at issue[], . . . which indiscriminately request 'complete' files, are perhaps a 'paradigmatic example of a fishing expedition'"); Caro, 597 F.3d at 620 ("[T]he hope of obtaining favorable evidence does not justify the issuance of [a Rule 17(c)] subpoena," especially when the movant "can only speculate as to what the requested information would have shown"); Wai Lun Ng, 2007 WL 3046215, at *3 (rejecting requests for "any and all" documents fitting a certain description); see also United States v. Kipp, No. 3:15-

CR-244-MOC-DSC, 2016 WL 7209581, at *2 (W.D.N.C. Dec. 9, 2016) (quashing a Rule 17(c) subpoena issued by the defense seeking "all documents and communications" and "all instant messages sent or received," "any emails . . . relating to," concluding that "[t]hese subpoenas cast a wide net in what appears to be a quest for pretrial discovery outside the Rule 16 framework"); United States v. Morris, 287 F.3d 985, 991 (10th Cir. 2002) (affirming denial of Rule 17(c) subpoena because "[n]ot only is [the defendant] unable to specify what the items he requests contain, he is also unable to verify whether the requested material even exists"); United States v. Hang, 75 F.3d 1275, 1283 (8th Cir. 1996) (stating that "a Rule 17 subpoena cannot properly be issued upon a 'mere hope'").

Defendant's relevance and admissibility arguments also fail. Defendant states that he seeks the information for two reasons. First, he speculates that the DOI's internal records and communications will reveal evidence of bias or animus against him and his companies, thereby establishing an entrapment defense. Second, he argues that the information will reveal evidence that may be used to impeach government witnesses. For the following reasons, neither basis justifies the issuance of a Rule 17(c) subpoena.

To the extent that Defendant has requested specific documents and those documents exist, Defendant must demonstrate that the requested documents are relevant and admissible. See United States v. Bodkins, No. Civ. A. 4:04CR70083, 2004 WL 2491615, at *4 (W.D. Va. Nov. 5, 2004) (quashing subpoena because the defendant failed to make a showing that the requested materials would be admissible). It is not enough for the requested material to be "potentially relevant or admissible." United States v. Wittig, 250 F.R.D. 548, 552 (D. Kan. 2008) (emphasis added). Rather, the party seeking the subpoena must demonstrate a "sufficient likelihood that the requested material is relevant to the offenses charged in the indictment, and a

5

sufficient preliminary showing that the requested material contains evidence admissible with respect to the offense charged." Id. at 553 (internal quotation marks and alterations omitted). "Conclusory allegations of relevance and admissibility are insufficient." Id. See also United States v. Forbes, No. 3:02CR264, 2006 WL 8422825, at *2 (D. Conn. July 25, 2006) ("[D]ocuments are not obtainable pursuant to Rule 17(c)" if a party cannot show that "the documents he seeks would be admissible as evidence at trial."); United States v. RW Professional Leasing Servs. Corp., 228 F.R.D. 158, 162 (E.D.N.Y. 2005) ("The fact that they are potentially relevant or may be admissible is not sufficient.") (citing United States v. Marchisio, 344 F.2d 653, 669 (2d Cir. 1965)).

Here, as noted, Defendant is charged with engaging with others in a scheme to bribe an elected official. Defendant argues that the documents would enable him to "prove that the government induced him to commit the crime charged and that he lacked the predisposition otherwise to commit the crime." (Def. Br. at 4). Defendant fails to explain, however, how the DOI's internal regulatory documents are relevant to his own intent to commit the charged crimes. See United States v. Osborne, 935 F.2d 32, 37 (4th Cir. 1991) (stating that an entrapment defense "centers inquiry on the issue of the defendant's predisposition to commit the crime in question"). Absent "a connection between the external facts and the defendant's state of mind, the evidence of the external facts is not relevant.'" United States v. Zayyad, 741 F.3d 452, 460 (4th Cir. 2014); accord United States v. Curtis, 782 F.2d 593, 599 (6th Cir. 1986) ("Unless there is a connection between the external facts and the defendant's state of mind, the evidence of the external facts is not relevant."). Even if the requested materials were to show evidence of animus, the evidence would have no bearing on his state of mind to commit the crimes alleged in the Indictment. See Osborn, 935 F.2d at 38 (stating that entrapment requires more than mere

6

solicitation, which "itself is not the kind of conduct that would persuade an otherwise innocent person to commit a crime"). Thus, Defendant has not shown that the requested documents are relevant to his anticipated entrapment defense.

As to Defendant's second proposed basis for relevance and admissibility, he argues that the documents "should be admissible, at the least, for impeachment purposes." (Def. Br. at 6). Except in very limited circumstances, impeachment material is not discoverable through a Rule 17(c) subpoena. Nixon, 418 U.S. at 701 ("Generally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial."). The rationale underlying this rule is that potential impeachment material does not ripen into such until the witness testifies. See United States v. Cuthbertson, 630 F.2d 139, 144 (3d Cir. 1980). Consequently, courts consistently hold "that Rule 17(c) subpoenas should not be used to obtain, before trial, materials to be used for impeachment purposes." United States v. Jenkins, 895 F. Supp. 1389, 1393-94 (D. Haw. 1995) (citing United States v. Fields, 663 F.2d 880, 881 (9th Cir. 1981)); accord United States v. Cherry, 876 F. Supp. 547, 553 (S.D.N.Y. 1995) ("Courts have consistently interpreted the admissibility standard of Rule 17(c) to preclude production of materials whose evidentiary use is limited to impeachment."). Thus, Defendant's second proposed ground for seeking the documents—for impeachment purposes—is also not a proper ground to grant the Rule 17(c) motion.

Finally, the court notes that, to the extent that the Government possesses exculpatory or impeachment evidence, the Government, of course, has an ongoing obligation to produce this evidence to the defense. Seeking documents through a Rule 17 subpoena, however, on the mere speculation that discovery could produce Brady or Giglio evidence is not enough. Accord United States v. Beckford, 964 F. Supp. 1010, 1031 (E.D. Va. 1997) ("The Government correctly

notes that a Rule 17(c) subpoena duces tecum is improper where it calls for the production of Brady, Jencks, or Giglio material. That is because those materials are subject only to limited discovery pursuant to Fed. R. Crim. P. 16, Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and the Jencks Act, 18 U.S.C. § 3500.").

### III. CONCLUSION

For the reasons stated herein, the Court will deny Defendant's motion.

### ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for Issuance of Rule 17(c) Subpoenas, (Doc. No. 82), is **DENIED**.

Signed: December 20, 2019

Max O. Cogburn Jr.
United States District Judge