IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Statesville Division

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> GREG E. LINDBERG, *et al.*, <br><br> *Defendants.* | No. 5:19-cr-22-MOC-DSC |

**MEMORANDUM IN SUPPORT OF DEFENDANT GREG LINDBERG'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF OR REFERENCE TO MR. LINDBERG'S WEALTH OR FINANICIAL CIRCUMSTANCES**

Defendant Greg Lindberg's wealth and financial circumstances are not at issue in this case. Introduction of evidence referencing or reflecting Mr. Lindberg's wealth or financial circumstances would inflame and prejudice the jury and incite them to convict on an improper, emotional basis. Thus, under Federal Rules of Evidence 401, 402, and 403, evidence or argument referencing or reflecting, directly or indirectly, Mr. Lindberg's wealth or financial circumstances should be excluded.

## LEGAL STANDARDS

"Irrelevant evidence is not admissible." Fed. R. Evid. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence," and "the fact is of consequence in determining the action." Fed. R. Evid. 401.

Further, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following," including "unfair prejudice." Fed. R. Evid. 403. "'Probative value' signifies the 'marginal probative value' of the evidence relative to the other evidence in the case." *Old Chief v. United States*, 519 U.S. 172, 185 (1997) (quoting 1 J. Strong McCormick on Evidence 782 & n.41 (4th ed. 1992)). "'Unfair prejudice' within its context means an

undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Advisory Committee Notes to Fed. R. Evid. 403 (1972).

**ARGUMENT**

The Supreme Court has recognized that evidence of a defendant's wealth can be prejudicial and inflammatory, observing that "appeals to class prejudice are highly improper and cannot be condoned and trial courts should ever be alert to prevent them." *United States v. Socony–Vacuum Oil Co.*, 310 U.S. 150, 239 (1940). In *Socony–Vacuum*, the Supreme Court condemned the government's assertions in its opening statement that "this [case] involved some of the 'biggest men' in the country—big in the sense of 'controlling vast volumes of financial influence'; and that it is a 'terrible thing that a group of influential, wealthy millionaires or billionaires should take over the power, take over the control, the power to make prices.'" *Id.* at 237. Though the Court ultimately found that such statements did not justify reversal given the circumstances of the case, the Court condemned them as "undignified and intemperate," warning that "appeals to passion and prejudice may so poison the minds of jurors even in a strong case that an accused may be deprived of a fair trial." *Id.* at 239-40. As the district court correctly recognized in issuing curative jury instructions, the jury should not "be concerned with the financial condition of any" defendant. *Id.* (internal quotation marks omitted) "Whether a man be rich or poor, he is entitled to the same consideration in this Court." *Id.*

*Socony–Vacuum* has been "cited repeatedly by circuit courts for the proposition that evidence of a party's wealth should be excluded where it is not relevant to the issues in the case." *Friedman v. Medjet Assistance, LLC*, No. 09-cv-07585, 2010 WL 9081271, at * 11 (C.D. Cal. Nov. 8, 2010) (citing cases); *accord, e.g., United States v. Jackson-Randolph*, 282 F.3d 369, 378 (6th Cir. 2002); *Garcia v. Sam Tanksley Trucking, Inc.*, 708 F.2d 519, 522 (10th Cir. 1983) ("Reference to the wealth or poverty of either party, or reflection on financial disparity, is clearly improper argument."); *United States v. Stahl*,

2

616 F.2d 30, 33 (2d Cir. 1980) (reversing conviction because the government's "appeals [to class prejudice] are improper and have no place in the court room," and "curative instructions by the trial court were [in]sufficient to eliminate the taint"). "[I]t is illogical and improper to equate financial success and affluence with greed and corruption." *Jackson-Randolph*, 282 F.3d at 377.

Under these clear principles, and Federal Rules of Evidence 402 and 403, evidence of Mr. Lindberg's wealth or financial circumstances should not be permitted because it is irrelevant to any issue in the case and inflammatory and prejudicial.

**First**, Mr. Lindberg's wealth or financial circumstances are irrelevant to any element of the crimes charged or issue of fact that is "of consequence in determining the action." Fed. R. Evid. 401(b). To be sure, evidence of wealth might be relevant in some cases. For example, it might be relevant to show that the defendant supported an extravagant lifestyle without a legitimate or reported source of income, where the defendant is charged with crimes such as theft, drug trafficking, embezzlement, or tax evasion. *See, e.g.*, *Jackson-Randolph*, 282 F.3d at 380 ("The lifestyle evidence against [defendant], involving expenditures of almost $4.0 million, was probative of her participation in the alleged fraud and embezzlement because it demonstrated expenditures and wealth accumulation grossly in excess of her legitimate income and assets."). Or it might be relevant to show a defendant's motive to commit fraud where fraud directly increases the defendant's compensation and bonuses. *See United States v. Rand*, No. 10-cr-182, 2011 WL 4914962, at *2 (W.D.N.C. Oct. 17, 2011) (explaining that evidence of compensation may be introduced when it is relevant to motive). But these circumstances—or any like them—are not present here. Evidence of Mr. Lindberg's wealth or financial circumstances is simply irrelevant to the crimes charged, and is therefore inadmissible. *See* Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."); *Friedman*, 2010 WL 9081271, at * 11 ("[E]vidence of a party's wealth should be excluded where it is not relevant to the issues in the case.").

3

**Second**, even if this evidence were somehow found to be relevant, whatever marginal probative value it may have is greatly outweighed by the danger that it will unduly prejudice the jury. *See* Fed. R. Evid. 403. As recognized by the Supreme Court in *Socony–Vacuum* and by courts following that decision, there is inherent, unfair prejudice in "appeal[ing] to the potential bias of not-so-wealthy jurors against a very wealthy [defendant]." *Stahl*, 616 F.2d at 31, 33; *see also Socony–Vacuum*, 310 U.S. at 239 ("[A]ppeals to class prejudice are highly improper and cannot be condoned and trial courts should ever be alert to prevent them.") The risk of prejudice is particularly salient in this case, involving the alleged use of money to influence public figures, where jurors might already be predisposed to view "money in politics" as "repugnant." *See McCutcheon v. Fed. Election Comm'n*, 572 U.S. 185, 191 (2014). Because the danger of unfair prejudice greatly outweighs any probative value that evidence of Mr. Lindberg's wealth may have, such evidence should be excluded.

## CONCLUSION

For the reasons above, the government should be prohibited from introducing evidence or argument referencing or reflecting, directly or indirectly, Mr. Lindberg's wealth or financial circumstances.

Dated: February 10, 2020　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　/s/ Rajesh R. Srinivasan
　　　　　　　　　　　　　　　　　　　　　Rajesh R. Srinivasan (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　KATTEN MUCHIN ROSENMAN LLP
　　　　　　　　　　　　　　　　　　　　　2900 K Street, NW – Suite 200
　　　　　　　　　　　　　　　　　　　　　Washington, DC 20007
　　　　　　　　　　　　　　　　　　　　　202-625-3500
　　　　　　　　　　　　　　　　　　　　　rajesh.srinivasan@katten.com

　　　　　　　　　　　　　　　　　　　　　*Additional counsel on next page*

Brandon N. McCarthy (admitted *pro hac vice*)
Rachel M. Riley (admitted *pro hac vice*)
KATTEN MUCHIN ROSENMAN LLP
1717 Main Street, Suite 3750
Dallas, TX 75201
214-765-3600
brandon.mccarthy@katten.com
rachel.riley@katten.com

Jeffrey C. Grady (N.C. Bar. No. 32695)
KATTEN MUCHIN ROSENMAN LLP
550 S. Tryon Street, Suite 2900
Charlotte, NC 28202
704-444-2036
jeff.grady@kattenlaw.com

Paul J. Johnson (admitted *pro hac vice*)
900 Jackson Street, Suite 650
Dallas, TX 75202
214-761-0707
pjjdoc@aol.com

*Counsel for Defendant Greg E. Lindberg*

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification to counsel of record.

Dated: February 10, 2020

Respectfully submitted,

/s/ Rajesh R. Srinivasan
Rajesh R. Srinivasan (admitted *pro hac vice*)
KATTEN MUCHIN ROSENMAN LLP
2900 K Street, NW – Suite 200
Washington, DC 20007
202-625-3500
rajesh.srinivasan@katten.com

*Counsel for Defendant Greg E. Lindberg*