# DEFENDANTS' JOINT PROPOSED JURY INSTRUCTIONS

## Table of Contents

Instructions before trial...................................................................................................1

   1.  Preliminary instruction—contact with others ........................................................2

   2.  Pretrial publicity.....................................................................................................5

   3.  Publicity during trial .............................................................................................6

   4.  Note-taking—permitted.........................................................................................7

   5.  View of location—prohibited.................................................................................8

   6.  The indictment is not evidence .............................................................................9

   7.  Evidence admitted for a limited purpose only.....................................................10

   8.  Objections and rulings.........................................................................................11

   9.  Court's comments to counsel...............................................................................12

  10.  Court's questions to witnesses.............................................................................13

Instructions during trial.................................................................................................14

  11.  Admonitions at court recesses—Long form for first recess................................15

  12.  Admonitions at court recesses—Short form for subsequent recesses................17

Instructions at the close of evidence..............................................................................18

  13.  Introduction to the final charge—Province of the court and of the jury ...........19

  14.  Jury task and public reaction...............................................................................21

15. Campaign contributions as legal activity ..................................................22

16. Presumption of innocence, burden of proof, and reasonable doubt ..................................24

17. Judging the evidence ..................................................25

18. Evidence received in the case—Stipulations, judicial notice, and inferences permitted...26

19. Direct and circumstantial evidence ..................................................28

20. Weaker or less satisfactory evidence ..................................................29

21. Inferences from the evidence ..................................................30

22. Proof of knowledge and intent ..................................................31

23. Absence of witness ..................................................32

24. Number of witnesses called is not controlling ..................................................33

25. Credibility of witnesses—Generally ..................................................34

26. Credibility of witnesses—Informant ..................................................36

27. Credibility of witnesses—Inconsistent statement (falsus in uno falsus in omnibus) ........37

28. Credibility of witnesses—Bad reputation for truth and veracity ..................................................38

29. Credibility of witnesses—The refusal of witness to answer ..................................................39

30. Effect of the defendant's decision not to testify ..................................................40

31. Opinion evidence—The expert witness ..................................................41

32. Statement or conduct of a defendant—Multiple defendants on trial ..................................................42

33. Jury's recollection controls ..................................................43

34. Typewritten Transcripts of Tape Recorded Conversations ..................................................44

35. What is not evidence ...................................................................................................45

36. Consider only the offenses charged .......................................................................46

37. Consider each count separately ...............................................................................47

38. Give each defendant separate consideration .......................................................48

39. Apply instructions to each defendant .....................................................................49

40. Unanimity—Explained ..............................................................................................50

41. Common scheme or plan—Evidence of acts or declarations of confederates .................51

42. Willfully causing an act to be done by another ....................................................53

Instructions on the specific offenses ..............................................................................54

43. The nature of the offenses charged ........................................................................55

44. Count One: Introduction to Conspiracy Charge, 18 U.S.C. § 1349 ..................56

45. Count One: Elements of Conspiracy .....................................................................57

46. Count One: Conspiracy – Existence of an agreement .........................................58

47. Count One: Conspiracy – Membership in an agreement ....................................59

48. Count One: Conspiracy – Meaning of "knowingly" in context of conspiracy .................60

49. Count One: Conspiracy – Single or Multiple Conspiracies ................................61

50. Count One: Conspiracy – Withdrawal from conspiracy .....................................62

51. Count One: Conspiracy – Acts and declarations of co-conspirators ................63

52. Count One: Conspiracy – Intent ............................................................................64

53. Count One: Conspiracy –Proof of endeavor to commit substantive offense .................65

54. Count One: Honest-Services Wire Fraud – Nature of the offense ....................................66

55. Count One: Honest-Services Wire Fraud – Elements of the Offense,  18 U.S.C. §§ 1343 and 1346 ....................................................................................................................67

56. Count One: Honest-Services Wire Fraud – A scheme to deprive someone of the intangible right to honest services ..........................................................................69

57. Count One: Honest-Services Wire Fraud – Definition of "willfully" ...............................70

58. Count One: Honest-Services Wire Fraud – Definition of "knowingly" ............................71

59. Count One: Honest Services Wire Fraud –  Definition of "corruptly" ............................72

60. Count One: Honest-Services Wire Fraud – Bribery of a public official ...........................73

61. Count One: Honest-Services Wire Fraud – Definition of "intent to defraud" ................74

62. Count One: Honest-Services Wire Fraud – Definition of  "false or fraudulent pretenses, representations or promises" ........................................................................75

63. Count One: Honest-Services Wire Fraud – Explanation of transmissions of communications by wire in interstate commerce ..................................................76

64. Count Two: Bribery Concerning Programs Receiving Federal Funds – Nature of the Offense ....................................................................................................78

65. Count Two: Bribery Concerning Programs Receiving Federal Funds – Elements of Offense, 18 U.S.C. § 666(a)(2) ..........................................................79

66. Count Two: Bribery Concerning Programs Receiving Federal Funds – Definition of "agent" ....................................................................................................80

67. Count Two: Bribery Concerning Programs Receiving Federal Funds – Definition of "government agency" ..........................................................................81

68. Count Two: Bribery Concerning Programs Receiving Federal Funds – Effect of conduct on federal funds ................................................................................82

69. Count Two: Bribery Concerning Programs Receiving Federal Funds – Definition of "corruptly" ................................................................................83

70. Count Two: Bribery Concerning Programs Receiving Federal Funds – Proof of "value" of transfer of Obusek ................................................................................84

71. Count Two: Bribery Concerning Programs Receiving Federal Funds – Payment of a bribe ................................................................................85

72. Count Two: Bribery Concerning Programs Receiving Federal Funds – Aiding and abetting ................................................................................86

73. Counts One and Two: "Official Act" – Definition ................................................88

74. Counts One and Two: The theory of the defense – Explained ..........................91

75. Counts One and Two: The good faith defense – Explained ...............................92

76. Counts One and Two: Entrapment – Explained .................................................94

# INSTRUCTIONS BEFORE TRIAL

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1

### Preliminary instruction—contact with others

Now that you have been chosen as jurors for this trial, you are required to decide this case based solely on the evidence and the exhibits that you see and hear in this courtroom. At the end of the case, I will give you instructions about the law that you must apply, and you will be asked to use that law, together with the evidence you have heard, to reach a verdict. In order for your verdict to be fair, you must not be exposed to any other information about the case, the law, or any of the issues involved in this trial during the course of your jury duty. This is very important, and so I am taking the time to give you some very detailed explanations about what you should do and not do during your time as jurors.

First, you must not try to get information from any source other than what you see and hear in this courtroom. This means you may not speak to anyone, including your family or friends, about this case. You may not use any printed or electronic sources to get information about this case or the issues involved. This includes the internet, reference books or dictionaries, newspapers, magazines, television, radio, computers, Blackberries, iPhones, Smartphones, PDAs, or any other electronic device. You also may not do any personal investigation, including visiting any of the places involved in this case, using Internet maps or Google Earth, talking to any possible witnesses, or creating your own demonstrations or reenactments of the events that are the subject of this case.

Second, you must not communicate with anyone about this case or your jury service, and you must not allow anyone to communicate with you about it. In particular, you may not communicate about the case via emails, text messages, tweets, blogs, chat rooms, comments or other postings, Facebook, Twitter, Instagram, LinkedIn, or any other websites. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, and the people

2

involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

The court recognizes that these rules and restrictions may affect activities that you would consider to be normal and harmless, and I assure you that I am very much aware that I am asking you to refrain from activities that may be very common and very important in your daily lives. However, the law requires these restrictions to ensure the parties have a fair trial based on the evidence that each party has had an opportunity to address. If one or more of you were to get additional information from an outside source, that information might be inaccurate or incomplete, or for some other reason not applicable to this case, and the parties would not have a chance to explain or contradict that information because they wouldn't know about it. That's why it is so important that you base your verdict only on information you receive in this courtroom.

Some of you may have heard about trials where the jurors are not permitted to go home at night, or were sequestered for the entire length of the trial. For a variety of reasons, this is something we rarely do anymore. It is far more of an imposition on your lives than the court wishes to make. However, it was effective in keeping jurors away from information that might affect the fairness of the trial—that was the entire purpose.

You must not engage in any activity, or be exposed to any information, that might unfairly affect the outcome of this case. Any juror who violates these restrictions I have explained to you jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. As you can imagine, a mistrial is a tremendous expense and inconvenience to the parties, the court, and the taxpayers. If any juror is exposed to any outside information, or has any difficulty whatsoever in following these instructions, please notify the court immediately. If any

3

juror becomes aware that one of your fellow jurors has done something that violates these instructions, you are obligated to report that to the court as well. If anyone tries to contact you about the case, either directly or indirectly, or sends you any information about the case, please report this promptly as well.

These restrictions must remain in effect throughout this trial. Once the trial is over, you may resume your normal activities. At that point, you will be free to read or research anything you wish. You will be able to speak—or choose not to speak—about the trial to anyone you wish. You may write, or post, or tweet about the case if you choose to do so. The only limitation is that you must wait until after the verdict, when you have been discharged from your jury service.

**Authority**: Adapted from American College of Trial Lawyers, Jury Instruction Cautioning Against Use of the Internet and Social Networking (Sept. 2010)*; see also United States v. Lawson*, 677 F.3d 629 (4th Cir. 2012); *United States v. Hernandez*, No. 07-60027-CR (S.D. Fla. 2009).

### DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2

### <u>Pretrial publicity</u>

There has been substantial publicity in both local and national media about this case prior to the beginning of this trial. The statements contained in some of the accounts may, of course, not be accurate and may have come from individuals who will not be present in court and who, therefore, cannot be seen and evaluated by the jury like all of the other witnesses and will not be examined or cross-examined by either of the parties under oath.

You, of course, must lay aside and completely disregard anything you may have read or heard about the case outside of this courtroom because your verdict must be based solely and exclusively on the evidence presented here in court in accordance with my instructions to you at the close of the case about the law you must apply to the evidence.

To rely upon anything you see or hear outside of this courtroom in reaching your verdict is a violation of your oath as a juror.

**Authority**: Adapted from 1A O'Malley et al., *Federal Jury Practice & Instructions* § 10:07.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3

### <u>Publicity during trial</u>

I am advised that reports about this trial may appear in the local and national media, including but not limited to newspapers, radio, television, and on the internet. The person who wrote or is reporting the story may not have listened to all of the testimony as you have, may be getting information from people who you may not see here in court under oath and subject to cross-examination, may emphasize an unimportant point, or may simply be wrong.

Please do not read anything or listen to anything or watch anything with regard to this trial. The case must be decided by you solely and exclusively on the evidence which is received here in court.

**Authority**: Adapted from 1A O'Malley et al., *Federal Jury Practice and Instructions* § 11.08.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4

### <u>Note-taking—permitted</u>

The Court will permit jurors to take notes during the course of this trial.

You, of course, are not obliged to take notes. If you do not take notes you should not be influenced by the notes of another juror, but rely upon your own recollection of the evidence.

Notes are only an aid to recollection and are not entitled to any greater weight than actual recollection or the impression of each juror as to what the evidence actually is. Note-taking must not be allowed to interfere with the ongoing nature of the trial or distract you from what happens here in court. Notes taken by any juror, moreover, are not evidence in the case and must not take precedence over the independent recollection of the evidence received in the case. Any notes taken by any juror concerning this case should not be disclosed to anyone other than a fellow juror.

**Authority**: Adapted from 1A O'Malley et al., *Federal Jury Practice and Instructions* § 10.04; *United States v. Polowichak*, 783 F.2d 410, 413 (4th Cir. 1986).

7

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5

### <u>View of location—prohibited</u>

During the trial you may hear about a particular location that has some relationship to this case. Under no circumstances, however, are you to visit this location during the trial or during your deliberation.

In making an unguided visit without the benefit of explanation from the witnesses under questioning by the lawyers you might form erroneous impressions about the location or witnesses who may testify about it. Significant or subtle changes, may have also taken place at the scene in the time between the occurrence referred to in the evidence and this trial.

If the Court determines that it is important to your decision in the case to view the scene, we will do so in a group with proper explanations.

**Authority:** Adapted from 1A O'Malley et al., *Federal Jury Practice and Instructions* § 10.07.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6**

**<u>The indictment is not evidence</u>**

During trial, you may hear the government or defense counsel refer to the indictment. An indictment is only a formal method used by the government to accuse a defendant of a crime. But it is not evidence of any kind against any defendant. The defendants are presumed to be innocent of the crime charged. Even though this indictment has been returned against each defendant, each defendant begins this trial with absolutely no evidence against him. You will not be permitted to take the indictment into the jury room with you.

Each defendant has pled "Not Guilty" to this indictment and, therefore, denies that he is guilty of the charges.

**Authority:** Adapted from 1A O'Malley et al., *Federal Jury Practice and Instructions* § 13.04; *United States v. Esso*, 684 F.3d 347, 350 (2d Cir. 2012) (giving district courts discretion in deciding whether jury take indictment into jury room).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7

### <u>Evidence admitted for a limited purpose only</u>

During trial, certain evidence may be admitted only concerning a particular party or only for a particular purpose and not generally against all parties or for all purposes.

For the limited purpose for which this evidence has been received you may give it such weight as you feel it deserves. You may not, however, use this evidence for any other purpose or against any party not specifically mentioned.

**Authority**: Adapted from 1A O'Malley et al., *Federal Jury Practice and Instructions* § 11.09.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8

### <u>Objections and rulings</u>

Testimony and/or an exhibit can be admitted into evidence during a trial only if it meets certain criteria or standards. It is the sworn duty of the attorney on each side of a case to object when the other side offers testimony or an exhibit which that attorney believes is not properly admissible under the rules of law. Only by raising an objection can a lawyer request and then obtain a ruling from the Court on the admissibility of the evidence being offered by the other side. You should not be influenced against an attorney or [his] [her] client because the attorney has made an objection.

Do not attempt, moreover, to interpret my rulings on objections as somehow indicating how I think you should decide this case. I am simply making a ruling on a legal question regarding that particular piece of testimony or exhibit.

**Authority:** Adapted from 1A O'Malley et al., 1A *Federal Jury Practice and Instructions* § 11.03.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9

### <u>Court's comments to counsel</u>

It is the duty of the Court to admonish an attorney who, out of zeal for his or her cause, does something which I feel is not in keeping with the rules of evidence or procedure.

You are to draw absolutely no inference against the side to whom an admonition of the Court may have been addressed during the trial of this case.

**Authority:** 1A O'Malley et al., *Federal Jury Practice and Instructions* § 11.04.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10

### Court's questions to witnesses

During the course of a trial, I may occasionally ask questions of a witness. Do not assume that I hold any opinion on the matters to which my questions may relate. The Court may ask a question simply to clarify a matter—not to help one side of the case or hurt the other side.

Remember at all times that you, as jurors, are the sole judges of the facts of this case.

**Authority:** 1A O'Malley et al., *Federal Jury Practice and Instructions* § 11.05.

# INSTRUCTIONS DURING TRIAL

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 11

### Admonitions at court recesses—Long form for first recess

We are about to take a break from the courtroom proceeding which we usually refer to as a "recess." It is very important that you keep in mind and obey the following instructions with reference to each of the recesses of Court during the day and over the evening whether I specifically remind you of this instruction or not.

First, you should keep an open mind throughout the trial, reaching your decision only during your deliberations after all the evidence has been admitted and after you have heard the closing arguments of counsel and after you have been given my instructions on the law which governs this trial by the Court.

Second, do not discuss the case either among yourselves or with anyone else during the course of the trial. Do not permit any third person to discuss the case in your presence and, if anyone does so despite your telling him or her not to, please report that fact to the Court immediately.

Third, though it is a normal human tendency to talk with people with whom one comes into contact, please do not talk, whether in or out of the courtroom, with any of the parties or their attorneys or any witness. By this I mean not only to avoid talking about the case, but do not talk at all, even to pass the time of day or simply to be polite. In no other way can all parties to this case be assured of the absolute impartiality they are entitled to expect from you as jurors. Each of the lawyers already knows that no communication is permitted between them and jurors. They are not being unfriendly when they do not speak with you. The lawyers are simply following my orders.

Fourth, do not read about the case in the newspapers or on the internet or listen to radio or watch television broadcasts about the trial. If a newspaper headline or news broadcast about the case catches your eye or ear, do not examine the article or watch or listen to the broadcast any further.

15

The person who wrote or is reporting the story may not have listened to all of the testimony, may be getting information from people who you will not see here in court under oath and subject to cross-examination, may emphasize an unimportant point, or may simply be wrong. You must base your verdict solely and exclusively on the evidence received here in court during the trial.

**Authority:** Adapted from 1A O'Malley et al., *Federal Jury Practice and Instructions* § 11.01.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 12

### Admonitions at court recesses—Short form for subsequent recesses

During this recess and all other recesses, you must not discuss this case with anyone. This includes your family, other jurors, and anyone involved in the trial. If anyone attempts in any way to talk to you about this trial during a recess, it is your obligation to tell me immediately.

Do not watch or listen to any news reports concerning this trial on television or on radio and do not read any news accounts of this trial in a newspaper or on the internet.

Do not speak at all with any of the parties, the witnesses, or the attorneys.

You are required to keep an open mind until you have heard all of the evidence in this case, the closing arguments of counsel, and the final instructions of law provided by the Court.

**Authority:** 1A O'Malley et al., *Federal Jury Practice and Instructions* § 11.02.

17

# INSTRUCTIONS AT THE CLOSE OF EVIDENCE

Case 5:19-cr-00022-MOC-DSC   Document 163-1   Filed 02/20/20   Page 23 of 100

**Introduction to the final charge—Province of the court and of the jury**

Members of the Jury:

Now that you have heard all of the evidence that is to be received in this trial and each of the arguments of counsel it becomes my duty to give you the final instructions of the Court as to the law that is applicable to this case. You should use these instructions to guide you in your decisions.

All of the instructions of law given to you by the Court—those given to you at the beginning of the trial, those given to you during the trial, and these final instructions—must guide and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the instructions of the Court and to apply these rules of law to the facts as you find them to be from the evidence received during the trial.

Counsel have quite properly referred to some of the applicable rules of law in their closing arguments to you. If, however, any difference appears to you between the law as stated by counsel and that as stated by the Court in these instructions, you, of course, are to be governed by the instructions given to you by the Court.

You are not to single out any one instruction alone as stating the law, but must consider the instructions as a whole in reaching your decisions.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base any part of your verdict upon any other view or opinion of the law than that given in these instructions of the Court just as it would be a violation of your sworn duty, as the judges of the facts, to base your verdict upon anything but the evidence received in the case.

You were chosen as juror for this trial in order to evaluate all of the evidence received and to decide each of the factual questions presented by the allegations brought by the government in the indictment and the pleas of not guilty by the defendants.

In resolving the issues presented to you for decision in this trial you must not be persuaded by bias, prejudice, or sympathy for or against any of the parties to this case or by any public opinion.

Justice—through trial by jury—depends upon the willingness of each individual juror to seek the truth from the same evidence presented to all the jurors here in the courtroom and to arrive at a verdict by applying the same rules of law as now being given to each of you in these instructions of the Court.

**Authority:** 1A O'Malley et al., *Federal Jury Practice and Instructions* § 12.01.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 14

### Jury task and public reaction

This case involves government, politics, campaigns, and campaign contributions. It is very important for each of you to understand and follow this critical instruction: Your task is to apply the law, as I explain it to you, to the facts. Your job is not to decide on how politics or lobbying ought to be run, nor is it your job to set ethical or legal standards.

You must also approach your deliberations without any concern about how other people or the news media react to a particular verdict. That must not matter to you at all.

Furthermore, you must not be motivated by a desire to "send a message" to public officials or to political donors, or by a desire to change the system of politics or to set a standard of behavior for officials or for those with whom they interact. That is not the purpose of this trial, and those considerations must not be any part of your verdict.

**Authority**: *United States v. Riley*, 621 F.3d 312 (3d Cir. 2010) (affirming instruction to the jury "not to think of your verdict as sending a message to anyone); *United States v. Reliford*, 58 F.3d 247, 251 (6th Cir. 1995) ("[A] jury may not convict the accused in order to send a message to the public or the community at large.").

21

### Campaign contributions as legal activity

During trial, you heard witnesses testify that some or all of the defendants made contributions to the North Carolina Republican Party and to political entities created under IRS code sections such as 501(c)(4) and 527.

It is important for you to remember that, as a general matter, contributions to political parties and political entities—even very large contributions—are protected by the First Amendment of the United States Constitution, which guarantees the freedom of speech. You may not find the defendants guilty of any crime solely on the basis that their alleged contributions or on the size of the contributions. The defendants, like any other citizen, have the right to express their political opinions through such contributions.

It is also important to remember that it is not illegal to give campaign contributions to or spend money in support of a public official in order to gain access to the public official, ingratiate yourself with a public official, or curry favor with a public official. Campaign contributions and other payments are illegal under the crimes charged in the indictment only if they are made explicitly in exchange for an official act, as I have defined that term.

You may find the defendants guilty of the charged offenses only if you find that the government has proven every element of every offense, as I will shortly explain to you, beyond any reasonable doubt.

**Authority:** *McDonnell v. United States*, 136 S. Ct. 2355, 2372 (2016) (warning that too broad an interpretation of bribery statute would result in chilling effects to First Amendment-protected activity); *Citizens United v. Fed. Election Comm'n*, 558 U.S. 310, 360 (2010) ("Ingratiation and access, in any event, are not corruption."); *id.* at 339 (holding that "prohibition on corporate independent expenditures is thus a ban on speech"); *Fed. Election Comm'n v. Colo. Republican Fed. Campaign Comm.*, 533 U.S. 431, 455 (2001) (noting, under First Amendment, a political party may "spend money in support of a candidate without legal limit so long as it spends independently"); *Buckley v. Valeo*, 424 U.S. 1, 21 (1976) (noting that "contribution and expenditure limitations both implicate fundamental First Amendment interests"); *United States v. Urciuoli*, 513 F.3d 290, 296 (1st Cir. 2008) (noting that "network and influence . . . come[ ] with political office" and use of letterhead was not official act

even though it "assured . . . access and attention"); *United States v. Sawyer*, 85 F.3d 713, 741 (1st Cir. 1996) (noting that "payments made to cultivate friendship rather than to influence an official act" do not fall within honest-services fraud statute); *United States v. Mandel*, 591 F.2d 1347, 1362 (4th Cir. 1979) ("[T]he 'fraud' involved in the bribery of a public official lies in the fact that the public official is not exercising his independent judgment in passing on official matters."); *United States v. Muntain*, 610 F.2d 964, 968 (D.C. Cir. 1979) ("Muntain's use of his official position to promote a purely private venture created an appearance of impropriety, his conduct is reprehensible, but it is not criminal within the strictures of s 201(g).").

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 16

### Presumption of innocence, burden of proof, and reasonable doubt

I instruct you that you must presume the defendants to be innocent of the crimes charged. Thus each defendant, although accused of crimes in the indictment, begin the trial with a "clean slate"—with no evidence against him. The indictment, as you already know, is not evidence of any kind. The defendants are, of course, not on trial for any act or crime not contained in the indictment. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against a defendant. The presumption of innocence alone, therefore, is sufficient to acquit the defendants.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense—the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

If the government fails to prove, beyond a reasonable doubt, that a defendant has committed each and every element of the offenses charged in the indictment, you must find each that defendant not guilty of the offenses. If the jury views the evidence in the case as reasonably permitting either of two conclusions—one of innocence, the other of guilt—the jury must, of course, adopt the conclusion of innocence.

**Authority:** Adapted from 1A O'Malley et al., *Federal Jury Practice and Instructions* § 12.10.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 17

### <u>Judging the evidence</u>

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would deal with any very important question that must be resolved by examining facts, opinions, and evidence. You are expected to use your good sense in considering and evaluating the evidence in the case. Use the evidence only for those purposes for which it has been received and give the evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

If the defendant be proved guilty beyond a reasonable doubt, say so. If not proved guilty beyond a reasonable doubt, say so.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything other than the evidence received in the case and the instructions of the Court. Remember as well that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence because the burden of proving guilt beyond a reasonable doubt is always with the government.

**Authority:** 1A O'Malley et al., *Federal Jury Practice and Instructions* § 12.02.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 18**

**Evidence received in the case—Stipulations, judicial notice, and inferences permitted**

The evidence in this case consists of the sworn testimony of the witnesses—regardless of who may have called them—all exhibits received in evidence—regardless of who may have produced them—all facts which may have been agreed to or stipulated and all facts and events which may have been judicially noticed.

When the attorneys on both sides stipulate or agree as to the existence of a fact, you may accept the stipulation as evidence and regard that fact as proved. You are not required to do so, however, since you are the sole judge of the facts.

The Court may have taken judicial notice of certain facts or events. When the Court declares that it has taken judicial notice of some fact or event, you may accept the Court's declaration as evidence and regard as proved the fact or event which has been judicially noticed. You are not required to do so, however, since you are the sole judge of the facts.

Any proposed testimony or proposed exhibit to which an objection was sustained by the Court and any testimony or exhibit ordered stricken by the Court must be entirely disregarded by you.

Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Questions, objections, statements, and arguments of counsel are not evidence in the case unless made as an admission or stipulation of fact.

You are to base your verdict only on the evidence received in the case. In your consideration of the evidence received, however, you are not limited to the bald statements of the witnesses or to the bald assertions in the exhibits. In other words, you are not limited solely to what you see and hear as the witnesses testify or as the exhibits are admitted. You are permitted to draw from the facts

26

which you find have been proved such reasonable inferences as you feel are justified in the light of your experience and common sense.

**Authority:** Adapted from 1A O'Malley et al., *Federal Jury Practice and Instructions* § 12.03.

### Direct and circumstantial evidence

You may have heard the terms "direct evidence" and "circumstantial evidence." These are two types of evidence which are generally presented during a trial.

Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness.

Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact.

The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You should weigh all the evidence in the case.

**Authority:** Adapted from 1A O'Malley et al., *Federal Jury Practice and Instructions* § 12.04.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 20

### <u>Weaker or less satisfactory evidence</u>

If a party offers weaker or less satisfactory evidence when stronger and more satisfactory evidence could have been produced at trial, you may, but are not required to, consider this fact in your deliberations.

You must remember, however, that a defendant is not obliged to produce any evidence or to call any witnesses.

**Authority:** 1A O'Malley et al., *Federal Jury Practice and Instructions* § 14.14.

Case 5:19-cr-00022-MOC-DSC   Document 163-1   Filed 02/20/20   Page 34 of 100

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 21

### <u>Inferences from the evidence</u>

Inferences are simply deductions or conclusions which reason and common sense lead the jury to draw from the evidence received in the case. You are allowed to make reasonable inferences, so long as they are based on the evidence.

**Authority:** Adapted from 1A O'Malley et al., *Federal Jury Practice and Instructions* § 12.05; Fed. Crim. Jury Instr. 7th Cir. 10.07 (2019 ed.).

## Proof of knowledge and intent

During your deliberations, you will be asked to assess the knowledge or intent of the defendants.

When you assess the knowledge or intent of the defendants, remember that the intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind. In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

**Authority:** 1A O'Malley et al., *Federal Jury Practice & Instructions*, § 17.07.

## Absence of witness

If it is peculiarly within the power of either the government or the defense to produce a witness who could give relevant testimony on an issue in the case, failure to call that witness may give rise to an inference that this testimony would have been unfavorable to that party. No such conclusion should be drawn by you, however, with regard to a witness who is equally available to both parties or where the testimony of that witness would be merely repetitive or cumulative.

The jury must always bear in mind that the law never imposes on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

**Authority:** 1A O'Malley et al., *Federal Jury Practice and Instructions* § 14.15.

32

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 24

### Number of witnesses called is not controlling

Your decision on the facts of this case should not be determined by the number of witnesses testifying for or against a party. You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe. You may find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side.

**Authority:** 1A O'Malley et al., *Federal Jury Practice and Instructions* § 14.16.

## Credibility of witnesses—Generally

You, as jurors, are the sole and exclusive judges of the credibility of each of the witnesses called to testify in this case and only you determine the importance or the weight, if any, that their testimony deserves. After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness' testimony, only a portion of it, or none of it.

In making your assessment of that witness you should carefully scrutinize all of the testimony given by that witness, the circumstances under which each witness has testified, and all of the other evidence which tends to show whether a witness, in your opinion, is worthy of belief. Consider each witness's intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand. Consider the witness's ability to observe the matters as to which he or she has testified and consider whether he or she impresses you as having an accurate memory or recollection of these matters. Consider also any relation a witness may bear to either side of the case, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony. Two or more persons witnessing an incident or a transaction may simply see or hear it differently. Misremembering, like failure of recollection, is not an uncommon human experience. In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

After making your own judgment or assessment concerning the believability of a witness, you can then attach such importance or weight to that testimony, if any, that you feel it deserves.

34

You will then be in a position to decide whether the government has proven the charge[s] beyond a reasonable doubt.

The testimony of a defendant should be judged in the same manner as the testimony of any other witness.

**Authority:** Adapted from 1A O'Malley et al., *Federal Jury Practice and Instructions* § 15.01.

### Credibility of witnesses—Informant

The testimony of an informant, someone who provides evidence against someone else for personal reasons or advantage must be examined and weighed by the jury with greater care than the testimony of a witness who is not so motivated.

North Carolina Commissioner of Insurance Mike Causey should be considered to be an informant in this case.

The jury must determine whether the informant's testimony has been affected by his own interest in the outcome of this case, or by prejudice against the defendants. Among other things, you may consider the informant's motives and state of mind.

**Authority:** Adapted from 1A O'Malley et al., *Federal Jury Practice and Instructions* § 15.02; *Hoffa v. United States*, 385 U.S. 293, 312 & n.14 (1966).

**Credibility of witnesses—Inconsistent statement (falsus in uno falsus in omnibus)**

The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that he or she previously made statements which are different than or inconsistent with his or her testimony here in court. The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements made somewhere other than here during this trial. It is the province of the jury to determine the credibility of a witness who has made prior inconsistent or contradictory statements.

If a person is shown to have knowingly testified falsely concerning any important or material matter, you obviously have a right to distrust the testimony of such an individual concerning other matters. You may reject all of the testimony of that witness or give it such weight or credibility as you may think it deserves.

**Authority:** Adapted from 1A O'Malley et al., *Federal Jury Practice and Instructions* § 15.06.

### Credibility of witnesses—Bad reputation for truth and veracity

The credibility of a witness may be discredited or impeached by evidence showing that the general reputation of the witness for truth and veracity is bad.

If you believe a witness has been so impeached and thus discredited during this trial, it is your exclusive right to give the testimony of that impeached witness such weight, if any, you think it deserves.

You may consider this evidence of bad reputation for truthfulness as one of the circumstances you assess in determining whether or not to believe the testimony of that witness.

**Authority:** Adapted from 1A O'Malley et al., *Federal Jury Practice and Instructions* § 15.09.

## Credibility of witnesses—The refusal of witness to answer

The law requires that every witness answer all proper questions put to him or her at trial unless the Court rules that he or she is privileged to refuse to answer on Constitutional or other grounds.

The fact that a witness refuses to answer a question after being instructed by the Court to answer it may be considered by the jury as one of the factors in determining the credibility of the witness and the weight his or her testimony deserves. The jury must always bear in mind that the law never imposes on a defendant in a criminal case the burden to testify at trial.

**Authority:** Adapted from 1A O'Malley et al., *Federal Jury Practice and Instructions* §§ 15.11, 15.14.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 30

### Effect of the defendant's decision not to testify

The defendant in a criminal case has an absolute right under our Constitution not to testify.

The fact that a defendant did not testify must not be discussed or considered in any way when deliberating and in arriving at your verdict. No inference of any kind may be drawn from the fact that a defendant decided to exercise his privilege under the Constitution and did not testify.

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or of producing any evidence.

**Authority:** 1A O'Malley et al., *Federal Jury Practice and Instructions* § 15.14

40

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 31

### Opinion evidence—The expert witness

You heard from an expert witness during trial. The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions or their own conclusions about important questions in a trial. An exception to this rule exists as to those persons who are described as "expert witnesses." An "expert witness" is someone who, by education or by experience, may have become knowledgeable in some technical, scientific, or very specialized area. If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an "expert witness" in that area may state an opinion as to a matter in which he or she claims to be an expert.

You should consider each expert opinion received in evidence in this case and give it such weight, if any, as you may think it deserves. You should consider the testimony of expert witnesses just as you consider other evidence in this case. If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you should conclude that the opinion is outweighed by other evidence, you may disregard the opinion in part or in its entirety.

As I have told you several times, you—the jury—are the sole judges of the facts of this case.

**Authority:** Adapted from 1A O'Malley et al., *Federal Jury Practice and Instructions* § 14.01.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 32

### Statement or conduct of a defendant—Multiple defendants on trial

Evidence relating to any alleged statement, confession or admission or act or omission alleged to have been made or done by a defendant outside of court and after a crime has been committed should always be considered with caution and weighed with great care. All such alleged statements, confessions, or admissions should be disregarded entirely unless the other evidence in the case convinces the jury beyond a reasonable doubt that the statement, confession, admission, or act or omission was made or done knowingly and voluntarily.

In determining whether any alleged statement, confession or admission or act or omission alleged to have been made by a defendant outside of court and after a crime has been committed was knowingly and voluntarily made or done the jury should consider the age, training, education, occupation, and physical and mental condition of the defendant, and his treatment while in custody or under interrogation as shown by the evidence in the case. Also consider all other circumstances in evidence surrounding the making of the alleged statement, confession, or admission.

If after considering the evidence you determine that a statement, confession or admission or act or omission was made or done knowingly and voluntarily by a particular defendant, you may give it such weight as you feel it deserves under the circumstances in deciding the case against that particular defendant.

You may not in any way, however, consider the alleged statement of one defendant when evaluating the cases against the other defendants or in determining whether the government has proven the charges against the other defendants.

**Authority:** Adapted from 1A O'Malley et al., *Federal Jury Practice and Instructions* § 14.04.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 33

### <u>Jury's recollection controls</u>

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.

You are the sole judges of the evidence received in this case.

**Authority:** Adapted from 1A O'Malley et al., *Federal Jury Practice and Instructions* § 12.07.

**Typewritten Transcripts of Tape Recorded Conversations**

Tape recordings of conversations have been received in evidence and have been played for you. Typewritten transcripts of these tape recorded conversations are about to be furnished to you. These typewritten transcripts of the conversations are being given to you solely for your convenience in assisting you in following the conversation or in identifying the speakers.

The tapes themselves are evidence in the case and the typewritten transcripts are not evidence. What you hear on the tapes is evidence. What you read on the transcript is not. If you perceive any variation between the two, you will be guided solely by the tapes and not by the transcripts.

If you cannot, for example, determine from the tape recording that particular words were spoken or if you cannot determine from the tape recording who said a particular word or words, you must disregard the transcripts insofar as those words or that speaker are concerned.

**Authority:** Adapted from 1A O'Malley et al., *Federal Jury Practice and Instructions* § 14.09.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 35

### **What is not evidence**

Certain things are not evidence. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by my ruling on it.

(3) Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence. You must not consider such items.

**Authority:** Pattern Jury Instructions of the First Circuit, Criminal Cases, Instruction No. 3.08 (2007); *see* 1A O'Malley et al., *Federal Jury Practice and Instructions* § 12.07.

## Consider only the offenses charged

You may consider only the offenses that the defendants are charged with in the indictment.

The defendants are not on trial for any act or any conduct not specifically charged in the indictment.

You cannot convict the defendants for conduct or acts that are not specifically charged in the indictment.

**Authority:** Adapted from 1A O'Malley et al., *Federal Jury Practice and Instructions* § 12.09.

46

### Consider each count separately

A separate crime is alleged against each of the defendants in each count of the indictment. Each alleged offense, and any evidence pertaining to it, should be considered separately by the jury. The fact that you find one defendant guilty or not guilty of one of the offenses charged should not control your verdict as to any other offense charged against that defendant or against any other defendant.

You must give separate and individual consideration to each charge against each defendant.

**Authority:** Adapted from 1A O'Malley et al., *Federal Jury Practice and Instructions* § 12.13.

### Give each defendant separate consideration

It is your duty to give separate and personal consideration to the case of each defendant. When you do so, you should analyze what the evidence in the case shows with respect to that defendant leaving out of consideration entirely any evidence admitted solely against some other defendant or defendants.

Each defendant is entitled to have his case determined from evidence as to his own intent, acts, statements, and conduct and any other evidence in the case which may be applicable to him.

The fact that you return a verdict of guilty or not guilty to one defendant should not, in any way, affect your verdict regarding any other defendant.

**Authority:** Adapted from 1A O'Malley et al., *Federal Jury Practice and Instructions* § 12.14.

48

### DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 39

### <u>Apply instructions to each defendant</u>

Unless specifically directed otherwise, the jury must consider each instruction given by the Court to apply separately and individually to each defendant on trial in this case.

**Authority:** 1A O'Malley et al., *Federal Jury Practice and Instructions* § 12.15.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 40

### Unanimity—Explained

Both counts of the indictment charge the defendants with a violation of federal laws concerning the alleged bribery of a state public official. The indictment alleges a number of separate means or methods by which the defendants are accused of violating these laws.

The government is not required to prove all of the means or methods alleged in the indictment.

Each juror must agree with each of the other jurors, however, that the same means or methods alleged in the indictment were, in fact, engaged in or employed by the defendants in committing the crimes charged in the counts of the indictment. The jury need not unanimously agree on each means or method, but, in order to convict, must unanimously agree upon at least one such means or method as one engaged in by the defendants.

Unless the government has proven the same means or method to each of you, beyond a reasonable doubt, you must acquit the defendants of the crimes charged in the indictment.

**Authority:** Adapted from 1A O'Malley et al., *Federal Jury Practice and Instructions* § 13.07.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 41

### Common scheme or plan—Evidence of acts or declarations of confederates

A conspiracy requires two people to knowingly associate themselves together to carry out a common plan or arrangement and intend either to accomplish some unlawful purpose or to accomplish some lawful purpose by unlawful means. When that occurs, there arises from that association a kind of partnership in which each member becomes the agent of every other member.

So if you find that the evidence in the case shows such a common plan or arrangement, then an act knowingly done or a statement knowingly made by a member, while the common plan or arrangement is continuing and done or made in furtherance of some object or purpose thereof, is admissible against all of the members.

In order to establish that such a common plan or arrangement existed, the evidence must show that the parties to the plan or arrangement in some way or manner came to a mutual understanding to accomplish some common object or purpose.

In order to establish that a defendant or any other person was a party to or a member of such a common plan or arrangement, the evidence must show that the plan was knowingly formed and that the defendant, or other person who is alleged to have been a member of it, knowingly participated in it intending to advance or further some common object or purpose of the plan or arrangement.

In determining whether or not a defendant or any other person was a party to or a member of such a common plan or arrangement, the jury is not to consider what others may have said or done. The membership of a defendant or any other person in such a common plan or arrangement, in other words, must be established by evidence as to his own conduct—what he himself knowingly said or knowingly did.

51

If, and only if, it appears from such evidence in the case that a common plan or arrangement did exist, and that a defendant was one of the members of the plan or arrangement, then the acts and statements by any person likewise found to be a member may be considered by the jury as evidence in the case as to the defendant found to have been a member. This is true even though the acts and statements may have occurred in the absence of and without the knowledge of the defendant, provided that such acts and statements were knowingly done or knowingly made during the existence of the common plan or arrangement and in furtherance of some intended object or purpose of the plan or arrangement.

Otherwise any admission or incriminatory statement made or act done by one person outside of court may not be considered as evidence against any person who was not present and saw the act done or heard the statement made.

**Authority:** Adapted from 1A O'Malley et al., *Federal Jury Practice and Instructions* § 18.02.

## Willfully causing an act to be done by another

A person may be guilty of an offense if he "willfully causes an act to be done which if directly performed by him or another would be an offense against the United States." A person acts willfully only if he acts deliberately and intentionally with knowledge that his conduct was unlawful. So even if a person causes an illegal act to be done by another, he is guilty only if he did so deliberately and intentionally with knowledge that his conduct was unlawful.

**Authority:** 18 U.S.C. § 2; adapted from 1A O'Malley et al., *Federal Jury Practice & Instructions* § 17.05; *Bryan v. United States*, 524 U.S. 184, 191 (1998).

# INSTRUCTIONS ON THE SPECIFIC OFFENSES

# DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 43

## The nature of the offenses charged

The indictment charges two separate crimes, called "counts," which are at issue here.

Count One of the indictment charges that from in or about April 2017 to in or about August 2018, in the Western District of North Carolina, and elsewhere, the defendants knowingly conspired to commit honest-services wire fraud.

Count Two of the indictment charges that, from in or about March 2018 to in or about August 2018, in the Western District of North Carolina, and elsewhere, the defendants committed or aided and abetted bribery concerning programs receiving federal funding.

Each defendant has entered a plea of "not guilty" and has denied that he is guilty of the offenses charged in Counts One and Two of the indictment.

I will subsequently explain the elements of both of these counts. The "elements" of a count are all the facts that the government must prove, beyond any reasonable doubt, to convict the defendants. If the government fails to prove even one element of a count, then you must find the defendants not guilty of the count.

Remember that the indictment is not evidence against the defendants. As you decide whether the government has met its burden of proving each element of each crime beyond a reasonable doubt, you must consider only the evidence introduced at trial.

**Authority:** Adapted from 1A O'Malley et al., *Federal Jury Practice and Instructions* §§ 13.01, 13.04.

## Count One: Introduction to Conspiracy Charge, 18 U.S.C. § 1349

It is a crime for anyone to conspire or agree with someone else to do something that would constitute a crime if it was actually carried out. Title 18, United States Code, Section 1349 makes it a crime for anyone to conspire with someone else to deprive another of the intangible right of honest services through wire fraud.

Count One of the indictment charges that from in or about April 2017, through in or about August 2018, within the Western District of North Carolina and elsewhere, Defendants Greg E. Lindberg, John D. Gray, and John V. Palermo knowingly conspired with one another, and with others, to devise and plan to devise a scheme and artifice to defraud and to deprive, by means of material false and fraudulent pretenses, representations, and promises, North Carolina and the citizens of North Carolina of their intangible right to the honest services of Department of Insurance Commissioner Mike Causey, an elected State official, and thereafter used a wire communication facility to, in some fashion, advance or further, their scheme.

I will explain the meaning of this charge shortly.

The defendants have each entered a plea of "not guilty" to this charge. The Government therefore assumes the responsibility of proving beyond a reasonable doubt each of the essential elements of the offense charged in Count One of the indictment.

**Authority:** Adapted from 1A O'Malley et al., *Federal Jury Practice & Instructions*, §§ 31.01, 31.04, 47.05, 47.06.

56

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 45

### Count One: Elements of Conspiracy

The defendants may be found guilty of the conspiracy charged in Count One only if the government proves the following elements beyond a reasonable doubt:

1. An agreement or understanding to commit every element of wire fraud, as described in the indictment, was formed, reached, or entered into by two or more persons;

2. At some time during the existence or life of the agreement or understanding, each defendant knew the purpose of the conspiracy;

3. With knowledge of the purpose of the conspiracy, each defendant then knowingly joined the agreement or understanding;

4. Each defendant knowingly and willfully entered into the agreement or understanding with the specific intent to fraudulently deprive the public of the right to the honest services.

5. The defendants did not act in good faith and were not entrapped.

I will now explain these elements in further detail.

**Authority:** Adapted from 1A O'Malley et al., *Federal Jury Practice & Instructions* § 31.03; *Ingram v. United States*, 360 U.S. 672, 678, (1959) ("[C]onspiracy to commit a particular substantive offense cannot exist without at least the degree of criminal intent necessary for the substantive offense itself." (internal quotation marks omitted)).

57

## Count One: Conspiracy – Existence of an agreement

The first element is the existence of an agreement or understanding to commit wire fraud.

A conspiracy is an agreement or a mutual understanding knowingly made or knowingly entered into by two or more people to commit an unlawful act. A conspiracy is, in a very true sense, a type of partnership for criminal purposes.

A conspiracy or agreement to violate the law, like any other kind of agreement or understanding, need not be formal, written, or even expressed directly in every detail.

The government must prove that the defendants and at least one other person knowingly and deliberately arrived at an agreement or understanding that they, and perhaps others, would commit honest-services fraud by means of some common plan or course of action as alleged in Count One of the indictment. It is proof of this conscious understanding and deliberate agreement by the alleged members that should be central to your consideration of the charge of conspiracy.

As part of its proof, the government must show that an agreement or understanding was reached to commit every element of honest-services fraud.

Unless the government proves beyond a reasonable doubt that a conspiracy, as just explained, actually existed, then you must acquit the defendants of the charge contained in Count One of the indictment.

**Authority:** Adapted from 1A O'Malley et al., *Federal Jury Practice & Instructions* § 31.04.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 47**

**<u>Count One: Conspiracy – Membership in an agreement</u>**

The second and third elements of conspiracy require that the defendants knew the purpose of the agreement or understanding to commit wire fraud and that the defendants knowingly joined the agreement or understanding to commit wire fraud.

Before the jury may find that each defendant, or any other person, became a member of the conspiracy charged in Count One of the indictment, the evidence in the case must show beyond a reasonable doubt that the defendant knew the unlawful purpose or goal of the agreement or understanding and then deliberately entered into the agreement intending, in some way, to accomplish the goal or purpose by this common plan or joint action.

But merely associating with others and discussing common goals, mere similarity of conduct between or among such persons, merely being present at the place where a crime takes place or is discussed, or even knowing about criminal conduct does not, of itself, make someone a member of the conspiracy or a conspirator.

**Authority:** Adapted from 1A O'Malley et al., *Federal Jury Practice & Instructions* § 31.05; *United States v. Vinson*, 852 F.3d 333, 351 (4th Cir. 2017).

59

**Count One: Conspiracy – Meaning of "knowingly" in context of conspiracy**

The third element of conspiracy requires that each defendant "knowingly" joined the agreement or understanding.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident.

Thus, before the jury may find that the defendants, or any other person, became a member of the conspiracy charged in Count One of the indictment, the evidence in the case must show beyond a reasonable doubt that the defendants knew the unlawful purpose or goal of the conspiracy and then deliberately entered into the agreement intending, in some way, to accomplish the goal or purpose by this common plan or joint action.

**Authority:** Adapted from Fed. Crim. Jury Instr. 7th Cir. 4.10 (2019 ed.); *United States v. Lighty*, 616 F.3d 321, 378 (4th Cir. 2010); *United States v. Vinson*, 852 F.3d 333, 351 (4th Cir. 2017).

### Count One: Conspiracy – Single or Multiple Conspiracies

The government must show that the single overall conspiracy alleged in Count One of the indictment existed. Proof of separate or independent conspiracies is not sufficient.

You must decide whether the single overall conspiracy charged existed between two or more conspirators. If not, then you must find the defendants not guilty. But if you decide that a single overall conspiracy did exist, then you must decide who the conspirators were. If you find that a particular defendant was not a member of the conspiracy, then you must find that defendant not guilty. And if you decide that a particular defendant or a particular accuser was a member of some other conspiracy—and not the one charged—then you must find that defendant not guilty. So to find a defendant guilty, you must all agree that that particular defendant was a member of the conspiracy charged—not a member of some other separate conspiracy.

**Authority:** Adapted from 1A O'Malley et al., *Federal Jury Practice & Instructions* § 31.09.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 50

### Count One: Conspiracy – Withdrawal from conspiracy

It is a defense to the charge of conspiracy that a defendant withdrew from the conspiracy before the commission of the substantive offense alleged in Count One of the indictment.

In order to withdraw from the conspiracy, a defendant must take some definite, decisive, and affirmative action to disavow himself from the conspiracy or to defeat the goal or purpose of the conspiracy.

Merely stopping activities or cooperation with the conspiracy or merely being inactive for a period of time is not sufficient to constitute the defense of withdrawal.

In deciding if the defendant took a step to disavow or defeat the conspiracy, you may consider several factors including whether he intentionally alerted law enforcement to the conspiracy, whether he told others in the conspiracy that his participation had ended, whether the defendant took steps to correct prior assistance to the group, and whether he attempted to remedy any past act or attempted to prevent any further progress of the conspiracy.

**Authority:** Adapted from 1A O'Malley et al., *Federal Jury Practice & Instructions* § 31.11.

## Count One: Conspiracy – Acts and declarations of co-conspirators

Evidence has been received in this case that certain persons, who are alleged in Count One of the indictment to be co-conspirators of the defendants, have done or said things during the existence or life of the conspiracy.

Such acts and statements of these other individuals may be considered by you in determining whether or not the government has proven the charges in Count One of the indictment against each of the defendants.

But since these acts may have been performed and these statements may have been made outside the presence of a particular defendant, and even done or said without a defendant knowledge, these acts or statements should be examined with particular care by you before considering them against any defendant who did not do the particular act or make the particular statement.

Acts done or statements made by an alleged co-conspirator before a defendant joined a conspiracy may also be considered by you in determining whether the government has sustained its burden of proof in Count One of the indictment. Acts done or statements made before an alleged conspiracy began or after an alleged conspiracy ended, however, may only be considered by you regarding the person who performed that act or made that statement.

**Authority:**  Adapted from 1A O'Malley et al., *Federal Jury Practice & Instructions* § 31.06.

## Count One: Conspiracy – Intent

The fourth element of conspiracy requires the government to prove that each defendant acted with the same intent required to be proven for the commission of honest-services wire fraud: acting knowingly and willfully with the specific intent to fraudulently deprive the public of the right to honest services. I will explain this element to you shortly.

**Authority:** *United States v. Feola*, 420 U.S. 671, 686 (1975); *Ingram v. United States*, 360 U.S. 672, 678 (1959).

Case 5:19-cr-00022-MOC-DSC   Document 163-1   Filed 02/20/20   Page 69 of 100

## Count One: Conspiracy –Proof of endeavor to commit substantive offense

As I have explained, the crime of conspiracy requires the defendants to have entered into an agreement or understanding to commit every element of wire fraud, a federal crime. So in order to convict the defendants, the government must prove beyond a reasonable doubt that each defendant intended to further an endeavor which, if completed, would satisfy all of the elements of this substantive criminal offense.

That does not mean that each defendant needs to have agreed to perform every act necessary for the completion of wire fraud himself. But each element of wire fraud must have been agreed to be performed by at least one person in the conspiracy.

**Authority:** *Salinas v. United States*, 522 U.S. 52, 65 (1997) ("A conspirator must intend to further an endeavor which, if completed, would satisfy all of the elements of a substantive criminal offense, but it suffices that he adopt the goal of furthering or facilitating the criminal endeavor. He may do so in any number of ways short of agreeing to undertake all of the acts necessary for the crime's completion.").

## Count One: Honest-Services Wire Fraud – Nature of the offense

Count One alleges that the defendants knowingly conspired to devise a scheme to defraud the citizens of North Carolina of their intangible right to the honest services of the Commissioner of the Department of Insurance, Mike Causey, through bribery, and for the purpose of executing this scheme, transmitted or caused to be transmitted by wire communication in interstate commerce the following writings, signs, signals, pictures, or sounds specified in the indictment:

| | |
|---|---|
| June 11, 2018 | Deposit of $500,000 from LINDBERG in North Carolina Growth and Prosperity Committee Account |
| June 11, 2018 | Deposit of $1,000,000 from LINDBERG in North Carolina |
| June 15, 2018 | Transfer of $10,000 from North Carolina State Political Party A to the COMISSIONER's campaign account |
| July 16, 2018 | Transfer of $10,000 from North Carolina State Political Party A to the COMMISSIONER's campaign account |
| July 26, 2018 | Transfer of $230,000 from North Carolina State Political Party A to the COMMISSIONER's campaign account |

In violation of 18 U.S.C. §§ 1343, 1346, and 1349.

**Authority:** Indictment.

### Count One: Honest-Services Wire Fraud – Elements of the Offense, 18 U.S.C. §§ 1343 and 1346

For the defendants to be guilty of honest-services fraud, the government must prove all the following facts beyond a reasonable doubt:

1.  The defendants knowingly and willfully devised and participated in a scheme to deprive the citizens of North Carolina of their intangible right to honest services by corruptly promising a bribe to the Department of Insurance Commissioner Mike Causey, with the intent to influence an official act;

2.  The defendants acted with a specific intent to defraud;

3.  The defendants used false or fraudulent pretenses, representations, or promises to execute their scheme;

4.  The false or fraudulent pretenses, representations, or promises were material;

5.  For purposes of executing the scheme, the defendants transmitted or caused to be transmitted by wire, in interstate commerce, the communications specified in the indictment.

**Authority:** 18 U.S.C. §§ 1343, 1346; *McDonnell v. United States*, 136 S. Ct. 2355, 2365, (2016); *Neder v. United States*, 527 U.S. 1, 25 (1999) ("[W]e hold that materiality of falsehood is an element of the federal mail fraud, wire fraud, and bank fraud statutes."); *id.* at 20 ("Although the mail fraud and wire fraud statutes contain different jurisdictional elements (§ 1341 requires use of the mails while § 1343 requires use of interstate wire facilities), they both prohibit, in pertinent part, 'any scheme or artifice to defraud' or to obtain money or property 'by means of false or fraudulent pretenses, representations, or promises.'"); *United States v. Sun-Diamond Growers of Cal.*, 526 U.S. 398, 404-05 (1999) ("In other words, for bribery there must be a *quid pro quo*—a specific intent to give or receive something of value *in exchange* for an official act."); *United States v. Raza*, 876 F.3d 604, 623 (4th Cir. 2017) (requiring "intent to defraud" in wire-fraud prosecutions); *United States v. McGowan*, 590 F.3d 446, 457 (7th Cir. 2009) ("In order to prove its wire fraud case against [the defendant], the government was obliged to prove [the defendant's] participation in a scheme to defraud, his intent to defraud, and his use of the wires in furtherance of the fraudulent scheme."); *United States v. Allen*, 491 F.3d 178, 188 (4th Cir. 2007) (deeming instruction that defendant "knowingly, willfully, and voluntarily" joined scheme to defraud was "adequate statement of the law"); *United States v. Stephens*, 421 F.3d 503, 509 (7th Cir. 2005) ("The intent requirement targets 'a willful act by the defendant with the specific intent to deceive or cheat, usually for the purpose of getting financial gain for one's self or causing financial loss to another.'"); *United States v. Jennings*, 160 F.3d 1006, 1013 (4th Cir. 1998) ("A bribe requires that the payment be made or promised 'corruptly,' that is, with 'corrupt

intent."); *United States v. Cassiere*, 4 F.3d 1006, 1011 (1st Cir. 1993) (requiring willful participation in wire fraud scheme).

**Count One: Honest-Services Wire Fraud – A scheme to deprive someone of the intangible right to honest services**

The first element of honest-services wire fraud requires proof of a scheme to deprive the public of its intangible right to honest services.

A "scheme" means any deliberate plan of action or course of conduct by which someone intends to deceive or to cheat another or by which someone intends to deprive another of something of value.

To "deprive someone else of the right of honest services" is to violate a duty to provide honest services to the public by participating in a bribery scheme, as I will shortly define that term.

**Authority:** Adapted from 1A O'Malley et al., *Federal Jury Practice & Instructions*, § 47.13; *Skilling v. United States*, 561 U.S. 358, 414 (2010); *United States v. Raza*, 876 F.3d 604, 623 (4th Cir. 2017).

69

## Count One: Honest-Services Wire Fraud – Definition of "willfully"

The first element of honest-services wire fraud also requires proof that the defendants "willfully" devised and participated in a scheme.

A defendant acts willfully if he acts deliberately and intentionally with knowledge that his conduct was unlawful.

**Authority:** Adapted from 1A O'Malley et al., *Federal Jury Practice & Instructions* § 17.05; *Bryan v. United States*, 524 U.S. 184, 191 (1998).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 58

### Count One: Honest-Services Wire Fraud – Definition of "knowingly"

The first element of honest-services wire fraud also requires the defendants to have knowingly devised and participated in the scheme to deprive someone of honest services.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident.

**Authority:** Fed. Crim. Jury Instr. 7th Cir. 4.10 (2019 ed.).

### Count One: Honest Services Wire Fraud –
### Definition of "corruptly"

The first element of the offense also requires proof that the defendants acted "corruptly."

An act is "corruptly" done if it is done intentionally with an unlawful purpose. A corrupt act involves conscious wrongdoing or, as it is sometimes expressed, a bad or evil state of mind. Thus, if a defendant acts with the belief that his purpose was lawful, he does not act "corruptly."

**Authority**: Pattern Crim. Jury Instr. 5th Cir. 2.09A (2015); Definition of Corrupt, *Black's Law Dictionary* (11th ed. 2019); *see Arthur Andersen LLP v. United States*, 544 U.S. 696, 704-707 (2005); *United States v. Kay*, 513 F.3d 432, 446 (5th Cir. 2007; *United States v. Quinn*, 359 F.3d 666, 674 (4th Cir. 2006); *United States v. Jennings*, 160 F.3d 1006, 1013 (4th Cir. 1998); *United States v. Tomblin*, 46 F.3d 1369, 1380 (5th Cir. 1995); *United States v. Hsieh Hui Mei Chen*, 754 F.2d 817, 822 (9th Cir. 1985).

## Count One: Honest-Services Wire Fraud – Bribery of a public official

The first element of honest-services wire fraud also requires proof that the defendants engaged in bribery.

Bribery involves the exchange of a thing or things of value for an official act by a public official. Bribery is an agreement with a public official to accept something of value, whether tangible or intangible, in exchange for the performance of an official act or an explicit promise to perform an "official act." In other words, bribery exists only if there is a quid pro quo—a specific intent to give or receive something of value in exchange for an official act. A gift given with only a generalized hope or expectation of ultimate benefit on the part of the donor does not constitute a bribe.

Because both counts of the indictment against the defendants require proof of an "official act," I will explain the meaning of an "official act" after I have explained the second count of the indictment.

**Authority:** Adapted from 1A O'Malley et al., *Federal Jury Practice & Instructions* § 27.03; *see McDonnell v. United States,* 136 S. Ct. 2355, 2372 (2016); *Skilling v. United States*, 561 U.S. 358, 414 (2010); *United States v. Jennings*, 160 F.3d 1006, 1013 (4th Cir. 1998) ("[A] good will gift to an official to foster a favorable business climate, given simply with the '"generalized hope or expectation of ultimate benefit on the part of the donor,"' does not constitute a bribe."); *McCormick v. United States*, 500 U.S. 257, 273 (1991) (noting that campaign contributions are vulnerable under the Hobbs Act if there is proof of an explicit promise to perform an official act).

### Count One: Honest-Services Wire Fraud – Definition of "intent to defraud"

The second element of honest-services wire fraud requires the defendants to act with an intent to defraud.

To act with "intent to defraud" means to act knowingly and with the specific intent to deceive or cheat the public, usually for personal financial gain or to cause financial loss to someone else.

**Authority:** Adapted from 1A O'Malley, *Federal Jury Practice & Instructions* § 16.07; *see United States v. Sawyer*, 85 F.3d 713, 733 (1st Cir. 1996).

## Count One: Honest-Services Wire Fraud – Definition of
## "false or fraudulent pretenses, representations or promises"

The third element of honest-services wire fraud requires proof that the defendants used "false or fraudulent pretenses, representations, or promises to execute their scheme and artifice." The fourth element of honest-services wire fraud requires proof that the false or fraudulent pretenses, representations, or promises were material.

The term "false or fraudulent pretenses, representations, or promises" means a statement or assertion that was known to be untrue at the time that it was made or used, or that was made or used with reckless indifference as to whether it was, in fact, true or false, and made or used with the intent to defraud. This term includes actual, direct false statements as well as half-truths, and includes the knowing concealment of facts that are material or important to the matter in question and that were made or used with the intent to defraud.

A material fact is a fact that would be of importance to a reasonable person in making a decision about a particular matter or transaction. So if you find a particular statement of fact to have been false, you must then determine whether that statement was one that a reasonable person might have considered important in making his or her decision.

Thus, material "false or fraudulent pretenses, representations, or promises" means statements or assertions (1) that concern a material fact or a material aspect of the matter in question, and (2) that were either known to be untrue at the time that they were made or used, or that were made or used with reckless indifference as to whether they were, in fact, true or false, and made or used with the intent to defraud.

**Authority:** Adapted from 1A O'Malley et al., *Federal Jury Practice & Instructions* § 47.13.

## Count One: Honest-Services Wire Fraud – Explanation of transmissions of communications by wire in interstate commerce

The fifth and final element of honest-services wire fraud requires that "for purposes of executing the scheme, the defendants transmitted or caused to be transmitted by wire, in interstate commerce, the communications specified in the indictment."

The phrase "transmits by wire in interstate commerce" means to send from one state to another by means of telephone or telegraph lines or by means of radio or television.

The use of a wire facility in interstate commerce is an essential element of the offense of wire fraud as charged in Count One of the indictment. The government need not prove that every defendant actually used a wire communication in interstate commerce or that every defendant even intended that anything be transmitted in interstate commerce by means of a wire communication to further, or to advance, or to carry out the scheme or plan to defraud by means of false or fraudulent pretenses, representations, or promises.

The government must prove beyond a reasonable doubt, however, that a transmission by a wire facility in interstate commerce was, in fact, used by someone in some manner to further, or to advance, or to carry out the scheme to defraud by means of false or fraudulent pretenses, representations, or promises. The government must also prove that the use of the wire communication in interstate commerce would follow in the ordinary course of business or events or that the use of the wire facility in interstate commerce by someone was reasonably foreseeable.

It is not necessary for the government to prove that the information transmitted by means of wire in interstate commerce itself was false or fraudulent or contained any false or fraudulent pretense, representation, or promise, or contained any request for money or thing of value.

The government must prove beyond a reasonable doubt, however, that the use of the wire in interstate commerce furthered, or advanced, or carried out, in some way, the scheme or plan to defraud.

**Authority:** Adapted from 1A O'Malley et al., *Federal Jury Practice & Instructions* § 47.08.

## Count Two: Bribery Concerning Programs Receiving Federal Funds – Nature of the Offense

Count Two alleges that the defendants did corruptly give, offered, and agreed to give something of value to North Carolina Department of Insurance Commissioner Mike Causey, intending to influence and reward him in connection with any business, transaction, or series of transactions of the North Carolina Department of Insurance, in violation of 18 U.S.C. § 666(a)(2). It also charges that the defendants aided and abetted this crime.

Unlike Count One, Count Two does not charge the defendants with conspiracy. Thus, the existence of an agreement to commit the elements of Count Two is not enough to find the defendants guilty of this offense. Rather, the government bears the burden of proving beyond any reasonable doubt that, for each of the defendants, that defendant actually committed every element of this offense.

**Authority:** Indictment; adapted from 1A O'Malley et al., *Federal Jury Practice & Instructions* §§ 13.01, 13.03.

## Count Two: Bribery Concerning Programs Receiving Federal Funds – Elements of Offense, 18 U.S.C. § 666(a)(2)

For the defendants to be guilty of bribery concerning programs receiving federal funds, the government must prove the following facts beyond a reasonable doubt:

1.  North Carolina Insurance Commissioner Mike Causey was an agent of the North Carolina Department of Insurance;

2.  The North Carolina Department of Insurance was a State government agency that received benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan guarantee, or other form of Federal assistance in 2018;

3.  The defendants corruptly gave, offered, or agreed to give something of value to Causey;

4.  The defendants did so in exchange for and with the intent to influence and reward Causey in connection with the transfer of Senior Deputy Commissioner Jackie Obusek off a regulatory assignment within the Department of Insurance;

5.  The transfer of Senior Deputy Commissioner Obusek off a regulatory assignment would have constituted a transaction or been part of the business of the Department of Insurance—that is, it would have constituted an "official act";

6.  The value of the transfer of Obusek off a regulatory assignment would have been $5,000 or more;

7.  The defendants did not act in good faith and were not entrapped.

**Authority:** Adapted from Fifth Circuit Pattern Jury Instructions (Criminal Cases), § 2.33C (2015*); see McDonnell v. United States*, 136 S. Ct. 2355, 2372 (2016) (describing official-act requirement); *United States v. Jennings*, 160 F.3d 1006, 1014 (4th Cir. 1998*)* (stating that "quid pro quo requirement is satisfied" in 18 U.S.C. § 201 if quo consists of "official actions favorable to the donor.").

**Count Two: Bribery Concerning Programs Receiving Federal Funds – Definition of "agent"**

The first element of this bribery offense requires proof that Causey was an agent of the North Carolina Department of Insurance.

The term "agent" means a person authorized to act on behalf of another person, or a government and, in the case of an organization or government, includes a servant or employee, and a partner, director, officer, manager, and representative.

**Authority:** Fifth Circuit Pattern Jury Instructions (Criminal Cases), § 2.33C (2015).

**Count Two: Bribery Concerning Programs Receiving Federal Funds – Definition of "government agency"**

The second element of this bribery offense requires proof that the North Carolina Department of Insurance is a government agency.

The term "government agency" means a subdivision of the executive, legislative, judicial, or other branch of government, including a department, independent establishment, commission, administration, authority, board, and bureau, and a corporation or other legal entity established, and subject to control, by a government or governments for the execution of a governmental or intergovernmental program.

**Authority:** Fifth Circuit Pattern Jury Instructions (Criminal Cases), § 2.33C (2015)

81

### DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 68

### Count Two: Bribery Concerning Programs Receiving Federal Funds –
### Effect of conduct on federal funds

The second element of this bribery offense also requires proof that the North Carolina Department of Insurance received over $10,000 in federal funds in 2018.

It is not necessary to prove that the defendant's conduct directly affected the federal funds received by the agency under the federal program. However, there must be some connection between the criminal conduct and the state agency receiving federal assistance.

**Authority**: Fifth Circuit Pattern Jury Instructions (Criminal Cases), § 2.33C (2015).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 69

### Count Two: Bribery Concerning Programs Receiving Federal Funds – Definition of "corruptly"

The third element of this bribery offense requires proof that the defendants acted "corruptly" when they gave, offered, or agreed to give something of value.

An act is "corruptly" done if it is done intentionally with an unlawful purpose. This involves conscious wrongdoing or, as it is sometimes expressed, a bad or evil state of mind. If a defendant acts with the belief that his purpose was lawful, he does not act "corruptly."

**Authority**: Pattern Crim. Jury Instr. 5th Cir. 2.09A (2015); Definition of Corrupt, *Black's Law Dictionary* (11th ed. 2019); *see Arthur Andersen LLP v. United States*, 544 U.S. 696, 704-707 (2005); *United States v. Kay*, 513 F.3d 432, 446 (5th Cir. 2007; *United States v. Quinn*, 359 F.3d 666, 674 (4th Cir. 2006); *United States v. Jennings*, 160 F.3d 1006, 1013 (4th Cir. 1998); *United States v. Tomblin*, 46 F.3d 1369, 1380 (5th Cir. 1995); *United States v. Hsieh Hui Mei Chen*, 754 F.2d 817, 822 (9th Cir. 1985).

83

## Count Two: Bribery Concerning Programs Receiving Federal Funds – Proof of "value" of transfer of Obusek

The sixth element of this bribery offense requires proof that the value of the transfer of Obusek off a regulatory assignment was $5,000 or more.

The word "value" means the face, par, market value, or cost price, either wholesale or retail, whichever is greater.

To prove this element, the government must prove beyond any reasonable doubt that the transfer of Senior Deputy Commissioner Obusek off a regulatory assignment was valued at $5,000 or more, not that the alleged bribe offer was $5,000 or more.

**Authority:** Adapted from Fifth Circuit Pattern Jury Instructions (Criminal Cases), § 2.33C (2015); *see United States v. Tillmon*, No. 17-4648, 2019 WL 921534, at *11-12 (4th Cir. Feb. 26, 2019*)* ("[T]he statutory language reveals that this element requires proof of the value of whatever was exchanged for the bribe.")*, cert. denied sub nom. Tillmon v. United States*, 140 S. Ct. 91 (2019).

**Count Two: Bribery Concerning Programs Receiving Federal Funds – Payment of a bribe**

This offense requires the payment of a bribe. In determining whether the defendant is guilty of this offense, do not consider bona fide salary, wages, fees, or other compensation paid, or expenses paid or reimbursed, in the usual course of business.

To prove a bribe, the Government must establish an agreement with a public official to accept something of value, whether tangible or intangible, in exchange for the performance of an official act or an explicit promise to perform an "official act." In other words, bribery exists only if there is a *quid pro quo*—a specific intent to give or receive something of value in exchange for an official act. A gift given with only a generalized hope or expectation of ultimate benefit on the part of the donor does not constitute a bribe.

**Authority**: Adapted from Fifth Circuit Pattern Jury Instructions (Criminal Cases), § 2.33C (2015); 1A O'Malley et al., *Federal Jury Practice & Instructions* § 27.03; *McDonnell v. United States,* 136 S. Ct. 2355, 2372 (2016); *Skilling v. United States*, 561 U.S. 358, 414 (2010); *McCormick v. United States*, 500 U.S. 257, 273 (1991); *United States v. Jennings*, 160 F.3d 1006, 1013, 1015 (4th Cir. 1998).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 72

## Count Two: Bribery Concerning Programs Receiving Federal Funds – Aiding and abetting

For Count Two only, the defendants have been charged with both committing the crime and with aiding and abetting the crime.

A person may violate the law even though he or she does not personally do each and every act constituting the offense if that person "aided and abetted" the commission of the offense.

Section 2(a) of Title 18 of the United States Code says: "Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."

Before a defendant may be held responsible for aiding and abetting others in the commission of a crime, it is necessary that the government prove beyond a reasonable doubt that the defendant knowingly and deliberately associated himself in some way with the crime charged and participated in it with the intent to commit the crime.

In order to be found guilty of aiding and abetting the commission of the crime charged in Count Two of the indictment, the government must prove beyond a reasonable doubt that:

1. The defendants knew that the crime charged was to be committed or was being committed.

2. The defendants knowingly did some act for the purpose of aiding, commanding, or encouraging the commission of that crime.

3. The defendants acted with the intention of causing the crime charged to be committed.

Before any of these defendants may be found guilty as an aider or an abettor to the crime, the government must also prove, beyond a reasonable doubt, that some person or persons committed each of the essential elements of the offense charged as detailed for you in Instruction No. 65.

Merely being present at the scene of the crime or merely knowing that a crime is being committed or is about to be committed is not sufficient conduct for the jury to find that a defendant aided and abetted the commission of that crime.

The government must prove that each defendants knowingly and deliberately associated himself with the crime in some way as a participant—someone who wanted the crime to be committed—not as a mere spectator.

**Authority:** 1A O'Malley et al, *Federal Jury Practice and Instructions* § 18.01

## Counts One and Two: "Official Act" – Definition

Both counts of the indictment require the government to prove beyond a reasonable doubt the existence of an "official act."

For Count One, the government must prove beyond a reasonable doubt that the defendants' conduct satisfied the elements of a conspiracy, which I have articulated above, and that an object of the conspiracy was to commit the elements of honest-services wire fraud. An element of honest-services wire fraud is that the defendants intended to influence an "official act" of Commissioner Causey.

In Count Two, the government must prove beyond a reasonable doubt that the defendants' conduct satisfied the elements of bribery concerning a federal program, which I have articulated above. As part of those elements, the government must prove that the transfer of Senior Deputy Commissioner Jackie Obusek would have constituted an "official act."

Not every act performed by a public official counts as an official act. For example, a public official does not perform an official act when he sets up meetings for constituents, contacts other officials on their behalf, and includes them in events—even if the constituents bribed the public official to obtain those opportunities. Rather, a public official performs an official act if he does something that requires private citizens to do something, prohibits private citizens from doing something, or changes the laws that govern private citizens' conduct.

To prove the existence of an "official act" in this case, the government must establish three elements beyond a reasonable doubt:

*First*, the government must identify and prove that, at the time an offer of a bribe was made, there existed a matter that involved a formal exercise of governmental power similar in nature to a lawsuit before a court, a determination before an agency, or a hearing before a committee. A "formal

exercise of governmental power" is something that would require private citizens to do something, prohibit private citizens from doing something, or change the laws that govern private citizens' conduct.

*Second*, the government must prove that the matter was one that was pending or that may by law be brought before a public official. A matter is pending or may by law be brought if it is something that is within the authority of a public official's office and is the kind of thing that can be put on an agenda, tracked for progress, and then checked off as complete.

*Third*, the government must prove that, in exchange for the bribe offer, a public official— here, Commissioner Mike Causey—made a decision or took an action on the matter. A public official does not perform an official act if all he does is discuss a matter or listen to suggestions on how to resolve a matter.

Unless the government proves the existence of all three elements of an "official act" beyond any reasonable doubt in this case, you must acquit the defendants.

A few examples will help illustrate the difference between something that is an "official act" and something that is not.

Let's say that you pay a bribe to a judge in exchange for the judge's ruling in your favor. In that scenario, the government could prove the existence of an "official act." The first element of an "official act" would be satisfied because there is a suit or proceeding—a lawsuit—pending before the public official—a judge. And the request to a judge to rule in a litigant's favor is a request for a particular decision or a specific action on that lawsuit.

In contrast, let's say a donor asks an elected official to guide the donor through a city permitting process. Guiding someone through a permitting process is not an official act because it does not resemble a lawsuit before a court, a determination before an agency, or a hearing before a committee.

89

Similarly, a personnel move that is not similar in nature to a lawsuit, agency determination, or hearing before a committee—such as the reassignment or transfer of tasks from one employee to another—is not an official act. Moreover, because the request is not tied to a decision on any matter, it is not a request on any question, matter, cause, suit, proceeding, or controversy pending before the agency.

**Authority:** *McDonnell v. United States*, 136 S. Ct. 2355, 2372 (2016); Tr. of Oral Argument 21:18-21, *McDonnell v. United States*, No. 15-474 (U.S.) (statement of Kennedy, J.); *United States v. Silver*, No. 18-2380, 2020 WL 284426, at *8 (2d Cir. Jan. 21, 2020) ("Even though the particular act of influence need not be identified at the time of the official's promise, the particular question or matter to be influenced must be."); *see United States v. Silver*, 864 F.3d 102, 120 (2d Cir. 2017); *see generally United States v. Boyland*, 862 F.3d 279, 290 (2d Cir. 2017); *United States v. Jefferson*, 289 F. Supp. 3d 717, 736-37 (E.D. Va. 2017).

## Counts One and Two: The theory of the defense – Explained

The defendants have pleaded "Not Guilty" to the charges contained in Counts One and Two of the indictment, which I have just explained to you.

This plea of not guilty puts in issue each of the essential elements of the offense as described in these instructions and imposes on the government the burden of establishing each of these elements by proof beyond reasonable doubt.

Each defendant, moreover, contends that he is not guilty of the crime charged because he acted in good faith and because he was entrapped.

**Authority:** Adapted from 1A O'Malley et al., *Federal Jury Practice and Instructions* § 19.01.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 75

### Counts One and Two: The good faith defense – Explained

The "good faith" of a defendant is a complete defense to the charged contained in both counts of the indictment because good faith on the part of the defendant is, simply, inconsistent with a specific intent to fraudulently deprive the public of the right to the honest services and inconsistent with a corrupt intent to influence or reward an agent of the State.

The honest-services wire fraud law is written to subject to criminal punishment only those people with specific intent to fraudulently deprive the public of the right to the honest services. The bribery law is written to subject to criminal punishment only those people who have a corrupt intent to influence or reward an agent of the State.

A person who acts, or causes another person to act, on a belief or an opinion honestly held is not punishable under this statute merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest mistake in judgment or an honest error in management does not rise to the level of criminal conduct.

A defendant does not act in "good faith" if, even though he honestly holds a certain opinion or belief, that defendant also knowingly makes false or fraudulent statements, representations or promises to others.

While the term "good faith" has no precise definition, it encompasses, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another.

In determining whether or not the government has proven that the defendants acted with the intent elements of the offenses or whether the defendant acted in good faith, the jury must consider all of the evidence received in the case bearing on the defendant's state of mind.

The burden of proving good faith does not rest with the defendant because the defendant does not have any obligation to prove anything in this case. It is the government's burden to prove to you, beyond a reasonable doubt, that the defendants acted with the specific intent to fraudulently deprive the public of the right to the honest services and the corrupt intent to influence or reward an agent of the State.

If the evidence in the case leaves the jury with a reasonable doubt as to whether any one of the defendants acted with the intent element of an offense or in good faith, the jury must acquit the defendant of the offense.

**Authority:** Adapted from O'Malley et al., *Federal Jury Practice and Instructions* §§ 19.01, 47.16; *see United States v. Baroni*, 909 F.3d 550, 582 (3d Cir. 2018*), cert. granted sub nom. Kelly v. United States*, 139 S. Ct. 2777, 204 L. Ed. 2d 1156 (2019) (writing approvingly of instruction as to good-faith in context of § 666(a)(1)(A)); *United States v. Ammons*, 464 F.2d 414, 417 (8th Cir. 1972) (holding in context of mail fraud that "[g]ood faith constitutes a complete defense to one charged with an offense of which fraudulent intent is an essential element"); *compare United States v. Hsieh Hui Mei Chen*, 754 F.2d 817, 822 (9th Cir. 1985) (noting that "corruptly" connotes conscious wrongdoing), *and Bryan v. United States*, 524 U.S. 184, 192 (1998) (stating that to prove willful violation, "the Government must prove that the defendant acted with knowledge that his conduct was unlawful"), *with* Fed. Crim. Jury Instr. 7th Cir. 6.10 (2019 ed. (noting mens rea of willfulness makes good-faith-defense instruction appropriate).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 76

### Counts One and Two: Entrapment – Explained

The defendants contend that they were entrapped by a government agent to commit the crime of conspiracy to commit honest services fraud and the crime of bribery, which are Counts One and Two of the indictment.

The government has the burden of proving beyond a reasonable doubt that each defendant was not entrapped. The government must prove either:

1. the defendant was predisposed to commit the crime before being contacted by government agents, or

2. the defendant was not induced by the government agents to commit the crime.

North Carolina Insurance Commissioner Mike Causey was acting as a government agent at all times when the events in question took place.

When a person, independent of and before government contact, is predisposed to commit the crime, it is not entrapment if government agents merely provide an opportunity to commit the crime. In determining whether the defendant was predisposed to commit the crime before being approached by government agents, you may consider the following:

1. whether the defendant demonstrated reluctance to commit the offense;

2. the defendant's character and reputation;

3. whether government agents initially suggested the criminal activity;

4. whether the defendant engaged in the criminal activity for profit; and

5. the nature of the government's inducement or persuasion.

In determining whether the defendant was induced by government agents to commit the offense, you may consider any government conduct creating a substantial risk that an otherwise

94

innocent person would commit an offense, including persuasion, fraudulent representations, threats, coercive tactics, harassment, promises of reward, or pleas based on need, sympathy or friendship.

In order to return a verdict of guilty as to the defendants for the crime of  charged in Count One and Two of the indictment you must find, beyond a reasonable doubt, that each defendant had an intent or disposition or willingness to commit the crimes charged before encountering government officers or agents. If any defendant lacked an intent or disposition or willingness to commit the crimes charged before encountering government officers or agents, you must find that defendant not guilty of the crimes.

**Authority:** Adapted from Model Crim. Jury Instr. 9th Cir. 6.2 (2019) and 1A O'Malley et al., *Federal Jury Practice and Instructions* § 19.04; *see Jacobson v. United States*, 503 U.S. 540, 553 (1992); *Sherman v. United States*, 356 U.S. 369, 376 (1958); *United States v. Mohamud*, 843 F.3d 420, 432–35 (9th Cir. 2016).