# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## Statesville Division

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> v. <br> GREG E. LINDBERG, *et al.*, <br> *Defendants.* | No. 5:19-cr-22-MOC-DSC |

**MEMORANDUM REGARDING MR. CAUSEY'S MOTIVATION TO TESTIFY**

The proposed cross examination and documentary evidence are relevant to Department of Insurance Commissioner Mike Causey's motivation to cooperate with federal authorities and provide favorable testimony to the government. The evidence will show that, before approaching authorities about Greg Lindberg, Mr. Causey was warned during a 2017 deposition that he would be investigated by federal authorities for engaging in a "pay to play" scheme. This warning may have motivated Mr. Causey to approach law enforcement about Mr. Lindberg, to cooperate with them in investigating him, and to provide favorable testimony for the government in this prosecution—perhaps in an attempt to become an asset to law enforcement and thus avoid an investigation into his own activities.

The Sixth Amendment and evidentiary rules guarantee the right to explore these topics because they "expos[e]" the "witness'[s] motivation in testifying"—"a proper and important function of the constitutionally protected right of cross-examination." *Davis v. Alaska*, 415 U.S. 308, 316 (1974). The evidence and questioning will not raise concerns of "harassment, prejudice, confusion of the issues, [or] the witness'[s] safety" or involve information that is "repetitive or only marginally relevant." *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986). The inquiry is timely and tailored: it involves a recent occurrence and it will not require relitigation of a separate lawsuit. The evidence will provide the jury only with the information they need to assess Mr. Causey's motivations. The government can try to rebut the evidence, and the jurors free to reject it. But they should be allowed to hear it.

1

## FACTS

On October 17, 2017, Mr. Causey was deposed. After a question about whether Mr. Causey engaged in a "pay to play" scheme, his attorney, Daniel Johnson, objected. This exchange followed:

> MR. BIBBS: Well, Mr. Johnson, when the FBI asks him these questions, I'm just getting him ready for it.
>
> Q Because it appears, Mr. Commissioner, that you have committed a federal offense, and your lawyer needs to inform you of that, that this appears to be a pattern and a practice, by you, to take campaign money to punish a competitor to campaign supporters of yours' business. That is illegal.
>
> MR. JOHNSON: Object to your ridiculous testimony.
>
> MR. BIBBS: Well, you can call it ridiculous if you want to. You let him explain that to a federal grand jury.

Tr. at 157:12-25. Within months, Mr. Causey approached federal authorities himself—not about the scheme alleged during the deposition but about an investigation into Mr. Lindberg.

## ARGUMENT

Both the Constitution and evidentiary rules allow Mr. Lindberg to explore this deposition testimony on cross-examination and introduce it into evidence. The Confrontation Clause allows Mr. Lindberg to explore the "possible biases, prejudices, or *ulterior motives of the witness* as they may relate directly to issues or personalities in the case at hand." *Davis v. Alaska*, 415 U.S. 308, 316 (1974) (emphasis added). "[P]rohibiting a criminal defendant from cross-examining a witness on relevant evidence of bias and motive may violate the Confrontation Clause, if the jury is precluded from hearing evidence from which it could appropriately draw adverse inferences on the witness's credibility." *United States v. Turner*, 198 F.3d 425, 429 (4th Cir. 1999). "Where [the cross-examination] involves the government's most crucial witness, the constitutional concerns are especially heightened." *United States v. A & S Council Oil Co.*, 947 F.2d 1128, 1133 (4th Cir. 1991).

The Federal Rules of Evidence echo these concerns by authorizing "cross-examination of witnesses on matters affecting their 'credibility.'" *United States v. Smith*, 451 F.3d 209, 221 (4th Cir.

2

2006); *see* Fed. R. Evid. 607. And since "bias is not a collateral issue," it is also "permissible for evidence on this issue to be extrinsic in form." *United States v. Lindemann*, 85 F.3d 1232, 1243 (7th Cir. 1996).

"One of the most important factors affecting credibility is the presence of any bias, prejudice or incentive on the part of a witness to favor one party to the litigation." *Chavis v. North Carolina*, 637 F.2d 213, 225 (4th Cir. 1980). Thus, where a witness "may have some [ ] substantial reason to cooperate with the government, the defendant should be permitted wide latitude in the search for the witness'[s] bias." *Hoover v. Maryland*, 714 F.2d 301, 305 (4th Cir. 1983). While a court may impose limits "to prevent the disclosure of embarrassing, irrelevant information concerning a witness, it is an abuse of discretion to preclude defense counsel from obtaining relevant information." *United States v. Soc'y of Indep. Gasoline Marketers of Am.*, 624 F.2d 461, 469 (4th Cir. 1979).

Here, Mr. Lindberg's counsel wishes to explore a potential motivation that Mr. Causey may have had for cooperating with the government. Based on the deposition questions, Mr. Causey may have believed that he would soon be under federal investigation. In order to prevent an investigation into himself, he may have become a cooperator and informant for the federal government in this separate bribery investigation. By agreeing to cooperate with the government and provide favorable testimony against the defendants here, Mr. Causey became an indispensable asset for the government—which, in his mind, may have discouraged the federal government from investigating him. This subjective motivation thus bears directly on the veracity of his testimony. *See Hoover*, 714 F.2d at 306 (noting that a defendant may explore witness's "subjective understanding of his bargain with the government"). And Mr. Lindberg's counsel should be given wide latitude to explore this motivation because Mr. Causey is the government's "most crucial witness." *A & S*, 947 F.2d at 1133.

The Supreme Court and the Fourth Circuit have regularly held that defendants must be able to explore similar incentives to testify favorably for the government. *E.g.*, *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986) (reversing trial court decision to "prohibit[ ] all inquiry into the possibility that

3

[the witness] would be biased as a result of the State'[s] dismissal of his pending public drunkenness charge," which "a jury might reasonably have found furnished the witness a motive for favoring the prosecution in his testimony"); *Davis*, 415 U.S. at 311 (reversing exclusion of cross-examination where "at the same time [the witness] was assisting the police in identifying petitioner, [the witness] was on probation for burglary"); *Hoover*, 714 F.2d at 306 (reversing trial court where "[t]he court refused to permit [the witness] to be questioned about the amount of time in prison he thought he was avoiding by testifying"); *Chavis*, 637 F.2d at 225 (reversing trial court where trial court excluded relevant motivation of incarcerated witness, including "amenities of his incarceration," his visiting history, and a "decision not to punish him for his attack on his guard").

*United States v. Parker* helps illustrates why this evidence must be permitted. 790 F.3d 550 (4th Cir. 2015). In *Parker*, the government failed to disclose as *Brady* material that a cooperating witness was under investigation by the Securities and Exchange Commission. *Id.* at 557. The Fourth Circuit found that this exclusion violated the Constitution precisely because "[s]uch evidence would have demonstrated [the witness's] potential bias in testifying as a government witness when he knew that a significant federal investigation was pending against him." *Id.* at 558. The court cited Confrontation Clause decisions by the Fourth Circuit and Supreme Court to support its point. *Id.* (citing *United States v. Ambers*, 85 F.3d 173, 176 (4th Cir.1996); *Davis*, 415 U.S. at 316-17).

Similarly here, the fact that Mr. Causey may have believed that he was being or could be investigated by federal authorities may have affected his conduct during the investigation and his testimony on the stand. Defense counsel should be permitted to explore this in cross-examination.

The government cannot claim that these topics are irrelevant by arguing that the government never intended to investigate Mr. Causey. It is the witness's *subjective* understanding that matters, and it is that understanding that defense counsel wishes to explore on cross-examination. *See Hoover*, 714 F.2d at 306. Nor can the government argue that the evidence is not substantial enough to bear on Mr.

4

Causey's motive to testify. That argument goes to weight, not admissibility. As the Fourth Circuit has explained, bias evidence is admissible even if it would not have "necessarily. . . discredited witnesses." *Chavis*, 637 F.2d at 226. As long as the evidence bears on a motive to testify, "the jurors [are] entitled to have the benefit of the defense theory before them so that they [can] make an informed judgment as to the weight to place on [the] testimony." *Id.* (quoting *Davis*, 415 U.S. at 317). Finally, the government cannot argue that the line of questioning and evidence will delve into old or irrelevant information about a prior lawsuit. The deposition occurred in 2017, right before the investigation into Mr. Lindberg and the defendants was launched, and exploration of this topic will not require a relitigation of the Cannon Surety lawsuit or any other matter. The questioning and evidence will be narrow and focused on Mr. Causey's motivation to cooperate with the government.

Respectfully Submitted,

/s/ Rajesh R. Srinivasan
Rajesh R. Srinivasan (admitted *pro hac vice*)
KATTEN MUCHIN ROSENMAN LLP
2900 K Street, NW – Suite 200
Washington, DC 20007
202-625-3500
rajesh.srinivasan@katten.com

Brandon N. McCarthy (admitted *pro hac vice*)
Rachel M. Riley (admitted *pro hac vice*)
KATTEN MUCHIN ROSENMAN LLP
1717 Main Street, Suite 3750
Dallas, TX 75201
214-765-3600
brandon.mccarthy@katten.com
rachel.riley@katten.com

Jeffrey C. Grady (N.C. Bar. No. 32695)
KATTEN MUCHIN ROSENMAN LLP
550 S. Tryon Street, Suite 2900
Charlotte, NC 28202
704-444-2036
jeff.grady@kattenlaw.com

*Additional counsel on next page*

5

Paul J. Johnson (admitted *pro hac vice*)
900 Jackson Street, Suite 650
Dallas, TX 75202
214-761-0707
pjjdoc@aol.com

*Counsel for Defendant Greg E. Lindberg*

# CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2020, I hand-delivered copies of the foregoing memorandum to counsel of record for the United States and to the Court. I certify that on February 29, 2020, I electronically filed the foregoing memorandum with the Clerk of Court using the CM/ECF system, which will send notification to counsel of record.

Dated: February 29, 2020    Respectfully submitted,

/s/ Rajesh R. Srinivasan
Rajesh R. Srinivasan (admitted *pro hac vice*)
KATTEN MUCHIN ROSENMAN LLP
2900 K Street, NW – Suite 200
Washington, DC 20007
202-625-3500
rajesh.srinivasan@katten.com