# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### Statesville Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>GREG E. LINDBERG, *et al.,*<br><br>*Defendants.* | **No. 5:19-cr-22-MOC** |

## RESPONSE OBJECTING TO GOVERNMENT'S MOTION
## FOR PRELIMINARY ORDER OF FORFEITURE

The United States seeks the forfeiture of funds in bank accounts held in the name of two independent expenditure committees ("IECs") set up by codefendant John Palermo, who was found not guilty of all charges at trial. The Government's theory is that the funds are "proceeds traceable" to the conduct for which Mr. Lindberg and Mr. Gray were convicted. But funds like these do not fall within the definition of "proceeds" and the funds are not "traceable" to the conduct for which Mr. Lindberg was convicted. Thus, the Government's motion should be denied.

The Government relies on 18 U.S.C. § 981(a)(1)(C), which authorizes the forfeiture of "proceeds traceable" to "specified unlawful activity." Section 981(a)(2)(A) defines "proceeds" as follows:

> (A) In cases involving illegal goods, illegal services, unlawful activities, and telemarketing and health care fraud schemes, the term "proceeds" means property of any kind obtained directly or indirectly, as the result of the commission of the offense giving rise to forfeiture, and any property traceable thereto, and is not limited to the net gain or profit realized from the offense.

> (B) In cases involving lawful goods or lawful services that are sold or provided in an illegal manner, the term "proceeds" means the amount of money acquired through the illegal transactions resulting in the forfeiture, less the direct costs incurred in providing the goods or services. The claimant shall have the burden of proof with respect to the issue of direct costs. The direct costs shall not include any part of the overhead expenses of the entity providing the goods or services, or any part of the income taxes paid by the entity.

Ultimately, to prove the existence of "proceeds traceable" to an offense, the government must show a sufficient nexus between the offense and the property. *See United States v. Farkas*, 474 F. App'x 349, 359-60 (4th Cir. 2012) (non-precedential) (stating that nexus is established if a person would not have the funds but for the criminal offense).

Separately, Section 981 allows the forfeiture of property used to "facilitate . . . an offense," but only for certain demarcated offenses. 18 U.S.C. § 981(a)(1)(B) (authorizing forfeiture of "property . . . constituting, derived from, or traceable to, any proceeds obtained directly or indirectly from an offense against a foreign nation" *or* "any property used to facilitate such an offense"). Notably, neither Mr. Lindberg nor Mr. Gray were convicted of any of the offenses listed under Section 981(a)(1)(B).

Under Section 981, the funds at issue are not subject to forfeiture for two reasons:

*First*, the subparagraph of Section 981 authorizing forfeiture here, subparagraph (a)(1)(C), only authorizes the forfeiture of "proceeds traceable" to the offenses at issue here. It does not authorize forfeiture of property used to "facilitate" the offenses. And yet, the funds in the IEC accounts are, at most, property used to facilitate a bribe, rather than "proceeds." When a briber gives money to bribee who is acting as a government agent, the funds are not "proceeds" to anyone. The funds are simply a means of facilitating a crime. Yet Section 981(a)(1)(C) does not authorize the forfeiture of property used to facilitate these bribery offenses. And the bribery offenses in this case are not encompassed by § 981(a)(1)(B), which does authorize forfeiture of property used to "facilitate" an offense. For this reason, the Court should not deem the funds in the IEC accounts to be "proceeds" that are subject to forfeiture under § 981(a)(1)(C).

*Second*, the funds are not "proceeds traceable" to the offenses because they do not have a but-for nexus to any unlawful activity. As the trial evidence demonstrated, the funds of the IECs were not related to a bribe for which the jury could have convicted Mr. Lindberg. The United States contends that Defendants set-up and controlled the entities that held the funds, opened Wells Fargo accounts

in the names of the entities, and funded the accounts of the entities for the express purpose of bribing the North Carolina Commissioner of Insurance and hiding the source of funds used to bribe the Commissioner. But the vast majority of these alleged criminal actions were performed by John Palermo, who was found not guilty. Thus, the jury did not find this evidence regarding the IECs to amount to evidence of a crime and the Government cannot rely on facts involving Palermo.

The trial record also demonstrates that after Lindberg offered to set up the IECs that it was Commissioner Mike Causey who asked to abandon the IECs in favor of another approach to receiving campaign contributions. *See e.g.,* GEL-91B[1] and GOV-127A[2]. This abandonment by the Government's own agent indicates that the Government did not think the conversations surrounding the IECs rose to the level of criminal conduct, and therefore the investigation was redirected and continued.

Thus, the jury ultimately could have convicted Mr. Lindberg only on the $230,000 contribution to the NC GOP, which is separate from the IEC funding.

The Government's cited cases are inapposite. The Government relies on a nonbinding district court case from Tennessee for its contention that "in the context of an offense involving bribery, whereby defendants pay the proceeds to another as opposed to receive proceeds, a nexus is established if the funds were directed towards or traceable to the offense." *See United States v. $13,500 in U.S. Currency*, No. 07-2703, 2008 WL 5191209, *4 (W.D. Tenn. Dec. 10, 2008). However, that statement ignores the requirement of proving these funds qualify as "proceeds" to begin with. Moreover, in

---

[1] MIKE CAUSEY: "Well, I just think -- I just don't think that would be good idea how -- you know, the same thing is with that the money, you know, the money that's been given to the Republican Party. I mean, so far, all that I know that we got out of that -- we got $10,000 that was -- and that's all they ever transferred and it bothers me that I don't have any control over it. So, what I'd rather see is, you know, forget the independent expenditure, let me have something now that I can control"

[2] MIKE CAUSEY: "I appreciate what you did here, but what I, what I, my concern was that with this uh, independent expenditure with all that's been out there in the paper, the spotlight's gonna be shining on that. That was gonna be a, a headache for me and for you. And I was trying to figure out, you know what, how can we do something here and now."

*United States v. $13,500*, the defendant admitted that the money at issue was used to pay the bribes. *Id.* at 4. That is not analogous to the situation here. Even if the Court finds that these funds to the IECs are considered "proceeds" the Government still must prove a nexus between the identified funds and the offenses of conviction.

Moreover, it is insufficient that the trial record includes discussions whereby Mr. Palermo relayed to Defendants Gray and Lindberg that he had set up the committees and the defendants confirmed that Lindberg had used $1.5 million to fund Wells Fargo accounts of the committees. The fact that this evidence was entered into the record does not establish the requisite nexus between these funds and the "offense of conviction." *United States v. Farkas,* 474 Fed. Appx. 349, 359 (4th Cir. 2012).

Finally, any reliance on any discussion of anonymity of the donations to IECs to meet their nexus requirement is misplaced. Regarding the statement that these entities were created to have "some level of anonymity," the Government fails to put forward any evidence showing that any anonymity sought was to hide this conduct from law enforcement and not simply from the general public. To the contrary, the trial record shows that (1) DOJ's informant first injected statements about wanting to avoid press coverage of any campaign contributions into the conversations (*see, e.g.*, GOV-113C); (2) that the defendants readily disclosed the entities and transfer of funds to law enforcement (*see* GOV-69, GOV-70, and GOV-60) and (3) that Lindberg expressed ambivalence to the notion of another article coming out about his campaign contributions (*see* GEL-91P). And despite the anonymity that was discussed with all three defendants regarding the IEC, the jury found Palermo not guilty of a crime. The discussions regarding the IECs do not rise to the level of an explicit quid pro quo and the Government has not proven otherwise.

In light of the foregoing, the jury convicted Defendants Gray and Lindberg based on the conversations surrounding donations to the NC GOP that later went to Mike Causey's campaign

4

account (the amount totaling $250,000 to his account). And that money has already been turned over to the U.S. Marshals.

Accordingly, Lindberg's transfer of funds to these entities is remote from the conduct of conviction. Thus a sufficient nexus cannot be found. The evidence at trial showed that Palermo was directly involved with these entities from formation to setting up bylaws and board members and the jury acquitted him of any criminal conduct. The Government has not put forth any additional or new evidence now. Therefore, it is not credible to say the Government has proven a nexus to conduct of conviction and defense counsel objects to the forfeiture sought in the Government's motion.

Respectfully submitted this 20th day of March, 2020.

<div style="margin-left: 40%;">

s/ *Rachel Riley*
Rachel Riley (admitted *pro hac vice*)
Texas Bar No. 24093044
KATTEN MUCHIN ROSENMAN LLP
2121 North Pearl Street, Suite 1100
Dallas, TX 75201
214-765-3600
rachel.riley@katten.com

Rajesh R. Srinivasan (admitted pro hac vice)
KATTEN MUCHIN ROSENMAN LLP
2900 K Street, NW – Suite 200
Washington, DC 20007
202-625-3500
rajesh.srinivasan@katten.com

Jeffrey C. Grady
N.C. State Bar No. 32695
KATTEN MUCHIN ROSENMAN LLP
550 S. Tryon Street
Suite 2900
Charlotte, NC 28202-4213
704-444-2036
jeff.grady@katten.com

*Counsel for Defendant Greg Lindberg*

</div>

5

**CERTIFICATE OF SERVICE**

I hereby certify that on March 20, 2020, I electronically filed the foregoing response with the Clerk of

Court using the CM/ECF system, which will send notification to counsel of record.


Dated: March 20, 2020

Respectfully submitted,


s/ *Rachel Riley*
Rachel Riley (admitted *pro hac vice*)
Texas Bar No. 24093044
KATTEN MUCHIN ROSENMAN LLP
2121 North Pearl Street, Suite 1100
Dallas, TX 75201
214-765-3600
rachel.riley@katten.com