UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:19-CR-00022-MOC-DSC

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| vs. | ) |  |
|  | ) | **ORDER** |
| GREG E. LINDBERG, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

**THIS MATTER** comes before the Court on the Government's Motion for Preliminary Order of Forfeiture, whereby the Government seeks the forfeiture of certain funds seized by the Federal Bureau of Investigation during its criminal investigation of this matter. See Doc. No. 201. Having read the briefs, the Court finds that additional briefing is necessary to resolve this matter.

**IT IS, THEREFORE, ORDERED** that the Government and Defendant Lindberg **SHALL** each file supplemental briefs **on or before April 24, 2020**, addressing the following:

(1) In United States v. Farkas, the Fourth Circuit explained that "funds are considered proceeds and therefore deemed forfeitable if 'a person would not have the funds but for the criminal offense.'" 474 F. App'x 349, 359 (4th Cir. 2012) (emphasis added). What authority is there for the assertion that the "person" acquiring the funds need not be the defendant?

(2) How does that assertion reconcile with the rule that criminal forfeiture proceedings are meant to forfeit only the defendant's interest in the property, whereas civil forfeiture proceedings proceed against the tainted property itself? See, e.g., United States v. Daugerdas, 892 F.3d 545, 548 (2d Cir. 2018).

**SO ORDERED.**

Signed: April 13, 2020

Max O. Cogburn Jr.
United States District Judge