IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Statesville Division

UNITED STATES OF AMERICA,

v.

GREG E. LINDBERG, *et al.,*

    *Defendants.*

No. 5:19-cr-22-MOC-DSC

## GREG E. LINDBERG'S SUPPLEMENTAL BRIEFING REGARDING GOVERNMENT'S MOTION FOR PRELIMINARY ORDER OF FORFEITURE

Mr. Lindberg and the Government agree that the funds at issue may be forfeited if they constitute "proceeds" of the offenses for which Mr. Lindberg was convicted, or are "derived from" proceeds of those offenses, 18 U.S.C. § 981(a)(1)(C). *Compare* Mot. for Preliminary Order of Forfeiture, Dkt. No. 201 at 1, *with* Resp. Objecting to Gov't Mot. for Preliminary Order of Forfeiture, Dkt. No. 209 at 1-2. But as argued in Mr. Lindberg's response to the government's motion, the funds at issue here are not "proceeds" because Mr. Lindberg did not obtain or acquire them. Resp. Objecting to Gov't Mot. for Preliminary Order of Forfeiture, Dkt. No. 209 at 2. Rather, the funds were given to two independent expenditure committees (IECs) set up by codefendant John Palermo and operated by a third party.

The two questions identified in this Court's April 13, 2020 Order (Dkt. No. 217) highlight why the funds are not "proceeds" and therefore may not be forfeited. As to the first question, Mr. Lindberg is unaware of any Fourth Circuit or Supreme Court precedent, or indeed any decision from another federal court of appeals, holding that funds acquired by someone other than the defendant may qualify as "proceeds" in a criminal forfeiture action under Section 981(a)(1)(C). In fact, the Supreme Court's decision in *Honeycutt v. United States*, 137 S. Ct. 1626 (2017), compels the opposite

conclusion. As to the second question, the *in personam* nature of criminal forfeiture underscores that funds are not "proceeds" subject to criminal forfeiture if they are not acquired by the defendant.

## I.     Funds Acquired By Someone Other Than the Defendant Are Not "Proceeds" Under 18 U.S.C. § 981(a)(1)(C).

Mr. Lindberg is unaware of any binding precedent, or any decision by a federal court of appeals outside the Fourth Circuit, holding that in a criminal forfeiture action, funds acquired by a person or entity that is not the defendant (such as the IECs here) constitute "proceeds" under Section 981(a)(1)(C). In fact, the Supreme Court's decision in *Honeycutt* compels the opposite conclusion. *Honeycutt* involved 21 U.S.C. § 853, a provision of the Controlled Substances Act that requires forfeiture of "any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of" certain drug crimes. 21 U.S.C. § 853(a)(1); *Honeycutt*, 137 S. Ct. at 1630. Section 853 also sets forth the procedures for criminal forfeiture proceedings, including those in this case. *See* 28 U.S.C. § 2461(c) ("The procedures in section 413 of the Controlled Substances Act (21 U.S.C. 853) [except for Section 853(d)] apply to all stages of a criminal forfeiture proceeding.").

The question in *Honeycutt* was whether, "under Section 853, a defendant may be held jointly and severally liable for property that his co-conspirator derived from the crime but that the defendant himself did not acquire." 137 S. Ct. at 1630. The Supreme Court answered that question in the negative, holding that "[f]orfeiture pursuant to § 853(a)(1) is limited to property the defendant himself actually acquired as the result of the crime." *Id.* at 1635. The Court reached this conclusion based on the text and structure of the statute, explaining in part that:

> § 853(a) defines forfeitable property solely in terms of personal possession or use. This is most clear in the specific text of § 853(a)(1)—the provision under which the Government sought forfeiture in this case. Section 853(a)(1) limits forfeiture to property the defendant "obtained . . . as the result of" the crime. At the time Congress enacted § 853(a)(1), the verb "obtain" was defined as "to come into possession of" or to "get or acquire." That definition persists today. *See Black's Law Dictionary* 1247 (10th ed. 2014) (defining "obtain" as "[t]o bring into one's own possession; to procure, esp.

> through effort"); *cf. Sekhar v. United States*, 570 U.S. [729, 734] . . . (2013) ("Obtaining property requires '. . . the acquisition of property'").

*Id.* at 1632 (first two citations omitted). In short, "[n]either the dictionary definition nor the common usage of the word 'obtain' supports the conclusion that an individual 'obtains' property that was acquired by someone else." *Id.*

In addition to Section 853's text, the Supreme Court found that the "structure" of Section 853 as revealed in other subsections—many of which are procedural and therefore apply to this case, *see* 28 U.S.C. § 2461(c)—demonstrates that defendants may not be held responsible for property they did not acquire. *Id.* at 1634. For example, Section 853(p) allows the government in certain circumstances to confiscate "other property of the defendant" as a substitute for forfeitable property that is unrecoverable, but only "up to the value of" the unrecoverable property the defendant acquired. 21 U.S.C. § 853(p)(2). This provision, the Supreme Court explained, demonstrates that "Congress did not authorize the Government to confiscate substitute property from other defendants or co-conspirators; it authorized the Government to confiscate assets only from the defendant who initially acquired the property and who bears responsibility for its dissipation." *Honeycutt*, 137 S. Ct. at 1634.

The Fourth Circuit has expanded *Honeycutt*'s reasoning to statutes beyond Section 853. In *United States v. Chittenden*, the Fourth Circuit held that *Honeycutt*'s reasoning applied equally to 18 U.S.C. § 982(a)(2), "a general criminal forfeiture statute that mandates forfeiture for a much broader range of crimes, including bank and mail fraud." *United States v. Chittenden*, 896 F.3d 633, 637 (4th Cir. 2018). Because the statutory text of Sections 853(a)(1) and 982(a)(2) was substantially the same, the Fourth Circuit held that under *Honeycutt*, Section 982(a)(2) forfeiture "is limited to property the defendant acquired as a result of the crime." *Id.* at 639. "The statute does not permit courts to hold a defendant liable for proceeds that only her co-conspirator acquired." *Id.*

The reasoning of *Honeycutt* and *Chittenden* extends to the statutory provision at issue here, Section 981(a)(1)(C). Like Sections 853(a) and 982(a)(2), Section 981(a)(1)(C) applies to property that

3

was "obtained" or "acquired" as the result of the offense giving rise to forfeiture. *See* 18 U.S.C. § 981(a)(2) (defining "proceeds" as property "obtained" if the case involves illegal goods, services, or activities, and as money "acquired" if the case involves lawful goods or services sold or provided in an illegal manner). And as the Supreme Court explained in *Honeycutt*, such terms require that the property in question be acquired by the defendant—and not by someone else. *See Honeycutt*, 137 S. Ct. at 1632.

Moreover, as explained above, the Supreme Court in *Honeycutt* relied on Section 853's procedural provisions in reaching its conclusion. *Id.* at 1633-34. The Supreme Court found that joint and several liability would be contrary to these procedural provisions, *id.*, which also apply in Section 981 proceedings, *see United States v. Chamberlain*, 868 F.3d 290, 293 n.2 (4th Cir. 2017). It would be nonsensical to apply these provisions—which, as the Supreme Court has held, foreclose application of joint and several liability—to a proceeding involving forfeiture of property not acquired by the defendant. *See Chittenden*, 896 F.3d at 638 (relying on *Honeycutt*'s analysis of Section 853's procedural provisions in extending *Honeycutt* to Section 982 forfeitures).

In fact, the government has conceded that *Honeycutt*'s reasoning applies to Section 981(a)(1)(C). Following *Honeycutt*, a circuit split began to develop over *Honeycutt*'s application to Section 981(a)(1)(C). *See, e.g., United States v. Peithman*, 917 F.3d 635, 652 (8th Cir. 2019) (discussing differing conclusions among federal courts of appeals). A primary sticking point was that Section 853 contains language that Section 981(a)(1)(C) does not. Section 853 provides for forfeiture of "proceeds *the person* obtained," whereas Section 981 lacks reference to "a person." *See id.* In response, the government conceded in briefing before the Supreme Court that "*Honeycutt's* reasoning applies to Section 981(a)(1)(C)," and represented that the government has "repeatedly expressed that view in the lower courts." Br. of United States in Opposition at 10-11, *Peithman v. United States*, No. 19-16, 2019 WL 4167139 (U.S. Aug. 30, 2019). This concession did not go unnoticed by the Supreme Court. In

4

dissenting from the Supreme Court's denial of certiorari in that case, Justice Sotomayor acknowledged the government's concession and noted that "18 U.S.C. § 981(a)(1)(C) . . . is worded almost identically to 21 U.S.C. § 853(a)(1)." *Peithman v. United States*, No. 19-16, 140 S. Ct. 340 (Nov. 18, 2019) (Sotomayor, J., dissenting from denial of certiorari). Justice Sotomayor would have "grant[ed] the petition for certiorari, vacate[d] the judgment below, and remand[ed] the case to allow the Eighth Circuit to reconsider its decision in light of the Government's concession." *Id.*

The Fourth Circuit has not explicitly weighed in on *Honeycutt*'s application to Section 981(a)(1)(C), but has clearly signaled that it would interpret Section 981(a)(1)(C) and Section 853 to be coextensive. The Fourth Circuit has already read the phrase "the person obtained" into Section 981(a)(1)(C), explaining that "funds are considered proceeds and therefore deemed forfeitable" under Section 981(a)(1)(C) "if '*a person* would not have [the funds] *but for* the criminal offense.'" *United States v. Farkas*, 474 F. App'x 349, 360 (4th Cir. 2012) (non-precedential) (first emphasis added) (quoting *United States v. Nicolo*, 597 F. Supp. 2d 342, 346 (W.D.N.Y. 2009)); *see also Chittenden*, 896 F.3d at 637-38 (holding that the language in 18 U.S.C. § 982(a)(7)—a provision mandating forfeiture for health fraud that contains language identical to Section 981(a)(1)(C)—is "almost identical to § 982(a)(2)," and that *Honeycutt* applies to Section 982(a)(2)).

Though the ultimate issue in *Honeycutt* was joint and several liability, the Court's reasoning applies equally to the issues in this case. The upshot is that Section 981(a)(1)(C), like Section 853(a)(1), does not permit forfeiture of property that Mr. Lindberg himself did not acquire. Thus, a preliminary order of forfeiture of the IEC funds is inappropriate because the IECs acquired the funds, not Mr. Lindberg. And even assuming that Mr. Lindberg controlled the IECs such that he effectively gave the funds to himself (which is not the case), transferring his own monies among accounts does not mean that Mr. Lindberg "c[a]me into possession of" or "g[o]t or acquire[d]" the funds, as required by Section 981. *See Honeycutt*, 137 S. Ct. at 1632 (defining "obtain"); *see also* 18 U.S.C. § 981(a)(2) (definition

5

"proceeds" as property "obtained" or "acquired"). This view is also consistent with the common understanding of "proceeds," which has long been defined to mean "the total amount brought in." *E.g.*, *Proceeds*, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/proceeds (noting that this definition, which persists today, dates back to 1665). Although "proceeds" is defined under the statute, no one would say that she paid for something with the "proceeds" of her own wallet.[1]

In its forfeiture motion and reply in support, the government identifies only two unpublished district court orders to support its position that criminal forfeiture may be ordered against a defendant who did not acquire the property at issue. *See* Mot. for Preliminary Order of Forfeiture, Dkt. No. 201 at 4-5 (citing *United States v. $13,500 in U.S. Currency*, No. 07-2703, 2008 WL 5191209 (W.D. Tenn. Dec. 10, 2008), and Order of Forfeiture, *United States v. Davis*, No. 3:15-cr-76 (W.D.N.C. Aug. 6, 2015), ECF 51); Omnibus Reply to Resp. to Mot. for Preliminary Order of Forfeiture, Dkt. No. 210 at 5-6 (same).

Neither case is persuasive here. As an initial matter, both cases lack persuasive value because they predate *Honeycutt*. And in any event, in *United States v. Davis*, No. 3:15-cr-76 (W.D.N.C. Aug. 6, 2015), ECF 51,[2] the Court conflated the nexus element with the definition of proceeds, and assumed that bribe monies that a defendant paid to another constitute proceeds because there is a nexus to the crime. But while this analysis might be appropriate under Section 981(a)(1)(B), which authorizes forfeiture of property used to "facilitate . . . an offense," it is impermissible under Subsection (a)(1)(C), which authorizes the forfeiture only of "proceeds." And other than citing to *United States v. $13,500 in U.S. Currency*, No. 07-2703, 2008 WL 5191209 (W.D. Tenn. Dec. 10, 2008), the Court did not offer

---

[1] Mr. Lindberg is not arguing that forfeiture is inappropriate because he lacks an interest in the funds. Rather, his argument about the definition of "proceeds" goes to whether the funds at issue are forfeitable in the first instance.

[2] Attached hereto as Exhibit 1.

6

any analysis in support of its conclusion. As to *$13,500 in U.S. Currency*, even putting aside the fact that it is a civil forfeiture action, the decision likewise conflates the nexus element with the proceeds element, and engages in reasoning that might be more appropriate under Subsection (a)(1)(B). *See $13,500 in U.S. Currency*, 2008 WL 5191209, at *4 ("The statute is not concerned with the origin of the funds but with the illegal activity to which the funds are directed. In other words, the application of the forfeiture statute is not limited to funds earned from lawful activities but to any property which is traceable to bribery.").

## II. The *In Personam* Nature of Criminal Forfeiture Reinforces That A Defendant Cannot Forfeit Funds He Did Not Acquire.

"Forfeiture of funds or property can be either civil or criminal." *United States v. Contorinis*, 692 F.3d 136, 146 (2d Cir. 2012). "In civil forfeiture, the United States brings a civil action against the property itself as an *in rem* proceeding—'[i]t is the property which is proceeded against, and . . . held guilty and condemned as though it were conscious instead of inanimate and insentient.'" *Id.* (quoting *Various Items of Personal Property v. United States*, 282 U.S. 577, 581 (1931)). In civil forfeiture, the culpability of any claimant attempting to prove that the property is not subject to forfeiture is "often irrelevant." *Id.*

In contrast, criminal forfeiture under Section 981 is an *in personam* proceeding. *Id.* As stated by the House Judiciary Committee, the purpose of criminal forfeiture is to "separate the criminal from his profits . . . thus removing the incentive others may have to commit similar crimes tomorrow." H.R. Rep. No. 106-192, at 5 (1999) (quoting Stefan Cassella, Assistant Chief, Asset Forfeiture and Money Laundering Section, Criminal Division, U.S. Department of Justice in testimony before the committee); *see also* H.R. Rep. No. 105-358, at 23 (1997) (same). Criminal forfeiture "serves no remedial purpose, is designed to punish the offender, and cannot be imposed upon innocent owners." *Contorinis*, 692 F.3d at 146 (quoting *United States v. Bajakajian*, 524 U.S. 321, 332 (1998)). It "focuses on the disgorgement by a defendant of his 'ill-gotten gains,'" and the calculation of a forfeiture amount

7

"is usually based on the defendant's actual gain." *Id.* (quoting *United States v. Kalish*, 626 F.3d 165, 170 (2d Cir. 2010)).

Applying these principles, courts have held that for criminal forfeiture under Section 981(a)(1)(C), a defendant must have obtained or acquired the property in question. For example, in *Contorinis*, an investment fund gained over $12 million from the defendant's insider trading. *Id.* at 145. The defendant, a portfolio manager, "made investment decisions but did not control disbursements of profits." *Id.* at 139. The district court ordered that the defendant forfeit the profits, but the Second Circuit vacated the order because the defendant never personally acquired those funds. *Id.* at 146. The Second Circuit explained that "we are not aware of, and the government has not cited, any decision standing for the proposition that a defendant may be required to forfeit funds never acquired by him or someone working in concert with him." *Contorinis*, 692 F.3d at 147. And "[w]hile the statute does not expressly identify the 'whom' that must do the acquiring that results in forfeiture, 'forfeiture' is a word generally associated with a person's losing an entitlement as a penalty for certain conduct." *Id.* at 146. As another example, the Eleventh Circuit has similarly noted that because criminal forfeiture under Section 981(a)(1)(C) "seeks to penalize the defendant for his illegal activities," it "reaches only that property, or portion thereof, owned by the defendant." *United States v. Rouhani*, 598 F. App'x 626, 633 (11th Cir. 2015) (non-precedential) (quoting *United States v. Gilbert*, 244 F.3d 888, 918-19 (11th Cir. 2001)). Accordingly, the Eleventh Circuit vacated an order of forfeiture where there was "no evidence that any of the proceeds came to [the defendant] personally, and AECI [the corporation owned and operated by the defendant], which did receive the proceeds, is neither a co-defendant nor a co-conspirator." *Id.* at 633.[3]

---

[3] Of course, the *in personam* nature of criminal forfeiture is not necessarily dispositive of the scope of forfeitable property where a statute explicitly allows for forfeiture of property that the defendant did not obtain or acquire. *See De Almeida v. United States*, 459 F.3d 377, 381 (2d Cir. 2006) (providing for forfeiture of property "involved" in an offense under 18 U.S.C. § 982(a)(1)). But that is not the case

These cases and the *in personam* nature of criminal forfeiture reinforce that proceeds not acquired by the defendant are not subject to forfeiture under Section 981(a)(1)(C). Here, Mr. Lindberg did not acquire the IEC funds at issue, and ultimate control over the funds' disbursement rested with those entities—not with Mr. Lindberg. In addition, even if *Honeycutt* did not foreclose attributing proceeds acquired by co-defendants or co-conspirators to Mr. Lindberg, the IECs that acquired the funds are not co-defendants or co-conspirators. And as noted above, even assuming that Mr. Lindberg exercised control over the IECs, Mr. Lindberg cannot obtain or acquire funds that he gave to himself. In short, because Mr. Lindberg himself did not acquire the funds at issue, they cannot be forfeited under Section 981(a)(1)(C).[4]

As a final word, in addition to effecting the distinction between criminal and civil forfeiture, limiting forfeiture in this case to funds that Mr. Lindberg himself acquired hews to the distinction between criminal forfeiture and restitution. *See, e.g.*, *United States v. Webber*, 536 F.3d 584, 602-03 (7th Cir. 2008) (explaining that "[r]estitution is remedial in nature, and its goal is to restore the victim's loss," whereas forfeiture is punitive and "seeks to disgorge any profits that the offender realized from his illegal activity"); *United States v. McGinty*, 610 F.3d 1242, 1247 (10th Cir. 2010) ("[R]estitution is calculated based on the victim's loss, while forfeiture is based on the offender's gain." (quoting *Webber*, 536 F.3d at 603)).

---

here, as Section 981(a)(1)(C) explicitly limits forfeiture to "proceeds," meaning property the defendant obtained or acquired.

[4] The difference between civil and criminal forfeiture also explains the use of passive voice in Section 981(a)(1)(C). Section 981(a)(1)(C) governs civil forfeiture, which as just explained is focused on the property itself, and not on the defendant. Thus, making the property—rather than the defendant— the focus of the sentence is consistent with the civil forfeiture scheme.

## CONCLUSION

For all of these reasons, in addition to the reasons articulated in Mr. Lindberg's response to the government's forfeiture motion (Dkt. No. 209), the preliminary order of forfeiture sought by the government should be denied.

Dated: April 24, 2020

Aaron Zachary Tobin (N.C. Bar. No. 50019)
CONDON TOBIN SLADEK THORNTON, PLLC
8080 Park Lane, Suite 700
Dallas, TX 75231
214-265-3800
atobin@ctstlaw.com

Paul J. Johnson (admitted *pro hac* vice)
900 Jackson Street, Suite 650
Dallas, TX 75202
214-761-0707
pjjdoc@aol.com

Respectfully submitted,

/s/ Rachel Riley
Rachel Riley (admitted *pro hac vice*)
 (Texas Bar No. 24093044)
Brandon N. McCarthy (admitted *pro hac vice*)
KATTEN MUCHIN ROSENMAN LLP
2121 North Pearl Street, Suite 1100
Dallas, TX 75201
214-765-3600
rachel.riley@katten.com

Rajesh R. Srinivasan (admitted *pro hac vice*)
KATTEN MUCHIN ROSENMAN LLP
2900 K Street, NW – Suite 200
Washington, DC 20007
202-625-3500
rajesh.srinivasan@katten.com

Jeffrey C. Grady (N.C. State Bar No. 32695)
KATTEN MUCHIN ROSENMAN LLP
550 S. Tryon Street
Suite 2900
Charlotte, NC 28202-4213
704-444-2036
jeff.grady@katten.com

*Counsel for Defendant Greg E. Lindberg*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 24, 2020, I electronically filed the foregoing memorandum and accompanying exhibit with the Clerk of Court using the CM/ECF system, which will send notification to counsel of record.

Dated: April 24, 2020

Respectfully submitted,

/s/ Rachel Riley
Rachel Riley (admitted *pro hac vice*)
Texas Bar No. 24093044
KATTEN MUCHIN ROSENMAN LLP
2121 North Pearl Street, Suite 1100
Dallas, TX 75201
214-765-3600
rachel.riley@katten.com

*Counsel for Defendant Greg E. Lindberg*