# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15cr76-RJC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| FATHIA DAVIS | ) | |

**THIS MATTER** is before the Court on the Government's Motion for Preliminary Order of Forfeiture of $4,000 in funds ("the Funds") that Defendant paid to undercover detectives for the murder of her ex-husband, (Doc. No. 49), to which the defendant has not objected.

The Government contends that the Funds constitute proceeds of the murder-for-hire offense in violation of 18 U.S.C. § 1958 for which Defendant was convicted at trial. (Doc. No. 47: Verdict). At trial, Defendant waived a jury determination on forfeiture. Therefore, the Government's Motion is appropriately before this Court alone, without a jury.

On March 20, 2015, a Grand Jury returned an Indictment which contained a section captioned "Notice of Forfeiture and Finding of Probable Cause" wherein the Grand Jury found probable cause for forfeiture of "$4,000 in United States currency turned-over by defendant to law enforcement during the course of the investigation." (Doc. No. 12). The evidence at trial established two payments to detectives—a down payment of $500 on February 22, 2015 to hire them and another payment of $3,500 on February 24, 2015 when they informed Defendant that the murder had been committed.

Assets constituting or derived from murder-for-hire proceeds are subject to criminal forfeiture under the civil forfeiture provisions of 18 U.S.C. § 981(a)(1)(C), which are rendered applicable in this criminal forfeiture action by 28 U.S.C. § 2461(c). 18 U.S.C. §§ 981(a)(1)(C)

1

(forfeiture of proceeds of "'specified unlawful activity' (as defined in section 1956(c)(7) of this title)"), 1956(c)(7)(A) (defining "specified unlawful activity" as an act constituting an offense in violation of Section 1961(1)), and 1961(1)(B) (listing a Section 1958 murder-for-hire offense as an offense in violation of Section 1961(1)); 28 U.S.C. § 2461(c) (rendering criminal forfeiture applicable whenever civil forfeiture is authorized). The Government's burden of proof on forfeiture is preponderance of the evidence. *United States v. Cherry*, 330 F.3d 658, 669 (4th Cir. 2003); *United States v. Tanner*, 61 F.3d 231, 233 (4th Cir. 1995). The Court's "determination may be based on evidence already in the record, including [ . . . ] any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B); *see also United States v. Farkas*, 474 Fed. Appx. 349, 360 (4th Cir. 2013). The Government may satisfy the preponderance burden by both direct and circumstantial evidence. *United States v. St. Pierre*, 484 F.3d 75, 86 (1st Cir. 2007).

Courts use a nexus test to determine whether assets constitute or are derived from proceeds. *Farkas*, 474 Fed. Appx. at 359, *citing*, *Libretti v. United States*, 516 U.S. 29 (1995) and *Cherry*, 330 F.3d at 669-70. In a case—such as a bribery or murder-for-hire case—in which a defendant pays the proceeds to another as opposed to receives proceeds, a nexus is established if the funds were directed towards or traceable to the offense. *See United States v. $13,500 in U.S. Currency*, 2008 WL 5191209, *4 (W.D. Tenn. Dec. 10, 2008) (in civil forfeiture case against funds defendant provided to law enforcement as bribes, discussing that the "statute is not concerned with the origin of the funds but with the illegal activity to which the funds are directed [ . . . . ] [T]he application of the forfeiture statute is not limited to funds earned from lawful activities but to any property which is traceable to bribery."). Here, as detailed above,

2

the Government has proven a nexus by a preponderance of the evidence.

**IT IS, THEREFORE, ORDERED**, the Government's Motion is **GRANTED**, and the following property is ordered forfeited pursuant to Fed. R. Crim. P. 32.2(b), and the Government is authorized to maintain custody of the property for forfeiture:

> **$4,000 in United States currency turned-over by defendant to law enforcement during the course of the investigation.**

Pursuant to 21 U.S.C. § 853(n)(1), the Government shall publish notice of this order; notice of its intent to dispose of the property in such manner as the Attorney General may direct; and notice that any person, other than the Defendant, having or claiming a legal interest in any of the above-listed forfeited Funds must file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this Order, as a substitute for published notice as to those persons so notified.

Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture. If no petitions are filed, this Order shall become final by operation of law as provided for in Fed. R. Crim. P. 32.2(c)(2).

Signed: August 6, 2015

Robert J. Conrad, Jr.
United States District Judge

3