UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:19-CR-22-MOC-DSC-1

| UNITED STATES OF AMERICA | ) |
| --- | --- |
| | ) |
| vs. | ) |
| | ) |
| GREG E. LINDBERG, | ) |
| | ) |
| Defendant | ) |

**THIS MATTER** is before the Court on Defendant's Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and Request for Expedited Consideration. (Doc. No. 317).

In his motion, Defendant "asks this Court to exercise its authority under 18 U.S.C. 3582(c)(1)(A)(i) to permit him to spend no less than 30 days, beginning on June 10, 2021, on probation under home confinement rather than in a federal penitentiary." (Doc. No. 317 at 2). Defendant asks the Court to afford him temporary release for two reasons. First, he wants to travel to California to mourn the death of his father. Second, he seeks to be released temporarily so he can attend a civil trial in North Carolina in which he has been named a defendant.

The Court denies Defendant's request because Defendant has failed to point to any statutory authority permitting the Court to grant it. Defendant purports to bring his motion pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which allows a Court to reduce a prisoner's term of imprisonment under certain circumstances. Section 3582 says nothing, however, about granting temporary release to a federal prisoner. Moreover, while 18 U.S.C. § 3622 allows for the temporary release of federal prisoners under limited circumstances, such determinations are

solely the province of the BOP. See 18 U.S.C. § 3622 (stating that "[t]he Bureau of Prisons may release a prisoner from the place of his imprisonment for a limited period"); United States v. Daguerdas, No. 09-cr-581, 2020 WL 2097653, at *5 (S.D.N.Y. May 1, 2020) (denying prisoner temporary release until abatement of COVID-19 threat because "this Court lacks authority to grant [defendant] temporary release.... That authority rests solely with the BOP."); United States v. Hiller, No. ELH-18-cr-0389, 2020 WL 2041673, at *4 (D. Md. Apr. 28, 2020) (stating that "[a]s the statutory text makes plain, Congress has conferred on the BOP, not the court, the authority to grant temporary furloughs" in denying relief for a defendant who had cited the risks posed by COVID-19 pandemic).

As such, the Court **DENIES** Defendant's Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. No. 317). The Court will, however, recommend that the BOP allow Defendant to attend his civil trial and his father's memorial service by videoconference, if possible, from the facility where he is incarcerated.

**IT IS SO ORDERED**.

Signed: June 10, 2021

Max O. Cogburn Jr.
United States District Judge