IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

DOCKET NO. 5:19cr22-MOC-DSC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | **REPLY TO RESPONSE TO** |
| v. | ) | **GOVERNMENT'S MOTION FOR** |
| | ) | **PRELIMINARY ORDER OF FORFEITURE** |
| (1) GREG E. LINDBERG. | ) | |

NOW COMES the United States of America, by and through Dena J. King, United States

Attorney, and replies to Defendant Lindberg's Response in Opposition to the Government's

Motion for Preliminary Order of Forfeiture (Docs. 460 and 466).   In its Motion, the Government

requests a preliminary order of forfeiture for over $1.4 million in bribe proceeds (hereafter, "the

Funds").   In his Response, Defendant contends, in essence, that the Funds facilitated Defendant's

crimes, so the statutory definition of "proceeds" does not encompass the Funds; in any event,

Defendant did not obtain or acquire the Funds so they are not proceeds; the "but for" test unduly

expands the definition of "proceeds" here; and, as a result of one or more of these and related

arguments, the Funds are not subject to criminal forfeiture.   However, neither the definitional law

on proceeds, the law on the nexus test, nor the record in this case—wherein Defendant funneled

over $1.4 million in bribe proceeds to entities that, by his own recorded statements, Defendant's

associates created and controlled, and from which Defendant could recoup the Funds—support

Defendant's arguments.   Accordingly, this Court should issue the preliminary order.

I.      **The statutory definition of "proceeds" encompasses the property here and
does not exclude funds that are both proceeds and "facilitating property."**

As this Court previously held, the words "facilitate" and "proceeds" are not mutually

exclusive.   Order at Doc. 239, Page 8.   Yet, Defendant—focusing his argument on the

1

definitional section of 18 U.S.C. § 981(a)(2), contends that they are.   Response at Doc. 466, Pages 2-3.   Even assuming, without conceding, that, as Defendant contends, the Section 981(a)(2)(A) definition of "proceeds" applies here, nothing in Section 981(a)(2)(A) suggests that property that is facilitating property may not also be proceeds.

Indeed, a bribery case might encompass unforfeitable facilitating property, and forfeitable property that is both proceeds and facilitating property.   For example, in this case, the aircraft used to travel for a meeting between the briber and bribee might be facilitating property.   But, since the aircraft is not also proceeds, the Government does not contend that the aircraft is property subject to forfeiture.   On the other hand, the Funds paid to the entities could arguably be both facilitating property, which is not forfeitable under the statute, and proceeds, which are forfeitable under the statute.   Or, the Funds might only be proceeds.   But, the fact that facilitating property is not forfeitable within the confines of Section 981 does not exclude, from the ambit of Section 981, facilitating property that *also clearly falls under the Section 981 definition of proceeds*.

To the contrary, as this Court has previously ruled, "the entity funds are also fairly characterized as 'proceeds traceable' to the offenses, as the entities would not have obtained or acquired the funds 'but for' the defendants' federal funds bribery and conspiracy to commit honest services wire fraud [citations omitted].   Put simply, the entity funds can comfortably be described as 'facilitating' those offenses and as 'proceeds' of those offenses, so there is no reason to treat these phrases as mutually exclusive [citations omitted]."   Order at Doc. 239, Page 9.

II.     **Section 981 does not require the Court to find that Defendant personally obtained or acquired the proceeds; and, even if the statutes did impose such a requirement, Defendant controlled the entities that received the proceeds.**

Fed. R. Crim. P. 32.2 defines the Court's role at this preliminary order stage in the

2

proceedings. Specifically, Rule 32.2 simply calls on the court to make a finding on nexus of the property to the offense of conviction. Fed. R. Crim. P. 32.2(b)(1). However, Defendant obfuscates the issue and argues that this Court must make a finding on ownership at this stage. Defendant argues that the law does not authorize preliminary forfeiture of proceeds when the defendant is a payor, and not the recipient, of a bribe. Ergo, Defendant boldly suggests that preliminary forfeiture is not appropriate, even though Defendant hid the bribe payment in an entity that he controlled. Despite Defendant's focus on his ownership or purported lack thereof of the Funds, Rule 32.2 and caselaw are clear that the issue at this stage of the proceedings is the nexus of the Funds to the offense. Fed. R. Crim. P. 32.2(b)(1)(A); *see United States v. Martin*, 662 F.3d 301, 307 (4th Cir. 2011) (explaining the Government "must establish a nexus between the property for which it is seeking forfeiture and the crime").

Here, by Defendant's own argument that the definition of proceeds in Section 981(a)(2)(A) controls, the nexus is established and the Funds are subject to preliminary forfeiture if they are "property of any kind obtained directly or indirectly" as a result of the offenses of conviction. *See* Response (Doc. 466) at Page 3 (focusing on Section 981(a)(2)(A) definition of "proceeds"). The bribe that formed a basis for conviction was complete upon the offer or promise to pay, and certainly upon the payment to the entities.[1] And, the Funds were the payment. Therefore, the nexus between the Funds and offense of conviction is established for purposes of Section 981(a)(2)(A).

---

[1] Prior to the remand of this matter, the parties briefed numerous arguments pertinent to forfeiture (Docs. 201, 209, 210, 220, 221). In the interest of brevity, the Government incorporates herein its prior legal arguments in those briefings, including arguments on the completion of the bribe offense upon the offer or promise to pay, and that subsequent transactions are transactions in proceeds. *See, e.g.,* Response at Doc. 210, Page 7; *cf.* Supplemental Brief at Doc. 220, Pages 2-3.

Further, even if the Court could properly consider the role of the recipient of the Funds at this stage, Defendant helped create and control the entities and the Funds here. A defendant simply may not use a corporation to shield himself from criminal forfeiture in a bribery case. *United States v. Simmons*, 154 F.3d 765, 771-72 (8th Cir. 1998) (declining to shield defendant from forfeiture where corporations were used by defendants to perpetuate bribery). Accordingly, criminal forfeiture is appropriate to dispose of Defendant's "interest in the property—whatever that interest may be." Fed. R. Crim. P. 32.2 advisory committee's note to 2000 adoption.

III. **The "but for" test applies to define nexus here; and, even if the "but for" test did not apply or was not satisfied, the nexus test would still be satisfied herein.**

Undeterred by the satisfaction of both Section 981's definition of proceeds and the Rule 32.2 nexus test, Defendant also essentially posits a straw man argument that the "but for" test unduly expands the definition of proceeds beyond the statutory language. So Defendant's argument goes, since the Government has inappropriately relied upon the "but for" test in this case, the Government has unduly expanded the scope of proceeds. To the contrary, the "but for" test does not create an open-ended definition of proceeds. If anything, the test defines the burden on the Government and narrows the test for proceeds beyond a simple nexus test. In any event, even assuming—against the bulk of the case law[2]—that the "but for" test does not apply here, the nexus test set forth in Rule 32.2 still would apply and is easily satisfied as noted above.[3]

IV. **The Rule of Lenity does not dictate the result here.**

The rule of lenity is an interpretive rule of last resort—applied only if other standard

---

[2] In *Farkas*, the Fourth Circuit cited multiple cases, in and out of the Fourth Circuit, wherein, as of 2012, courts had already employed the "but for" test. *United States v. Farkas*, 474 Fed. Appx. 349, 359-360 (4th Cir. 2012).

[3] Indeed, in its forfeiture Order issued prior to reversal and remand of this case, this Court made clear that, regardless of the applicability or lack thereof of the "but for" test, forfeiture was appropriate here. Order (Doc. 239) at Page 7, footnote 3.

interpretive tools cannot resolve a statutory ambiguity. *See United States v. Castleman*, 572 U.S. 157, 172–73 (2014) (holding that rule of lenity only applies "if, after considering text, structure, history, and purpose, there remains a grievous ambiguity or uncertainty in the statute, such that the Court must simply guess as to what Congress intended").   Critically, to invoke the rule of lenity, the court "must conclude that there is a <u>grievous</u> ambiguity or uncertainty in the statute." *United States v. Bridges*, 741 F.3d 464, 470 (4th Cir. 2014) (emphasis in original); *see also Muscarello v. United States*, 524 U.S. 125, 138 (1998) ("The simple existence of some statutory ambiguity . . . is not sufficient to warrant application of [the] rule, for most statutes are ambiguous to some degree.").

No grievous ambiguity exists as to Section 981: the parties have given the court ample (albeit differing) means to resolve any issues of statutory interpretation.   And, the Court has already done so in a well-considered order, an order in which the Court did not "simply guess" at Congressional intent, and for which the Court's underlying analysis and reasoning continues to hold true.   The rule of lenity does not dictate that the Court now simply reconsider and choose Defendant's position.   *See Muscarello*, 524 U.S. at 139 ("The problem of statutory interpretation in these cases is indeed no different from that in many of the criminal cases that confront us.   Yet, this Court has never held that the rule of lenity automatically permits a defendant to win.").[4]

### V.  Conclusion

The Government does not posit an open-ended definition of "proceeds."   Instead, the Government contends that proceeds connected to bribery are subject to forfeiture.[5]   Here, the

---

[4] *See also United States v. Bryant*, 949 F.3d 168, 179 n.9 (4th Cir. 2020) (rejecting need to apply rule of lenity). Further of note, in *United States v. $734,578.82 in U.S. Currency*, 286 F.3d 641, 658 (3d Cir. 2002), cited by Defendant for the proposition that the rule of lenity applies to forfeiture, the Third Circuit held the rule was *not* implicated.

[5] Concededly the Government is rarely able to seize and pursue proceeds paid by a Defendant, but the forfeiture of

5

agreement of the conspirators was for the bribers to pay money to entities—entities connected to

both the briber and bribee.   The bribers completed the offense and paid those entities, from which

law enforcement seized the Funds.   Then, a Jury found Defendant guilty of the offenses resulting

in the placement of the Funds in the accounts of the entities.   So, there is a nexus.

   WHEREFORE, the Government respectfully requests that this Court issue the requested

Preliminary Order of Forfeiture.


   Respectfully submitted, this, the 5th day of August, 2024.


<div style="margin-left:40%;">

DENA J. KING
UNITED STATES ATTORNEY

**s/ Benjamin Bain-Creed**
Florida Bar # 0021436
Assistant United States Attorney
Suite 1650, Carillon Building
227 West Trade Street
Charlotte, North Carolina 28202
Telephone: (704) 344-6222
Facsimile: (704) 344-6629
Email: benjamin.bain-creed@usdoj.gov

</div>

---

such proceeds is not without some support in precedent.  *See, e.g., United States v. Davis*, No, 3:15CR76, Order of Forfeiture at Doc. 51, p.2 (W.D.N.C. Aug. 6, 2015) (discussing preliminary order forfeiture in murder-for-hire case), *citing*, *United States v. $13,500 in U.S. Currency*, 2008 WL 5191209 (W.D. Tenn. Dec. 10, 2008)).

6

## <u>ARTIFICIAL INTELLIGENCE CERTIFICATION</u>

Pursuant to the Standing Order of this Court entered June 18, 2024, and published to the Bar of the Western District on June 27, 2024, the undersigned hereby certifies that:

1.      No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard online legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

2.      Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting *pro se*) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

<div align="center">s/Benjamin Bain-Creed</div>